*Hartford,*
November,
1817.

Starr
*v.*
Leavitt.

---

### HILL *against* BLACKSTONE :

#### IN ERROR.

THIS was an action of debt, on a bond, given to the plaintiff, as judge of probate, by the defendant, as administrator with the will annexed of the estate of *Stephen Blackstone,* deceased.

The plea, having prayed oyer of the condition, which was in the usual form, averred performance.

*In an action on a probate bond, the plaintiff assigned as a breach, that certain articles of personal property had been given*

by will to *A.* and *B.,* which the defendant had not distributed, and of which he had not rendered any account to the court of probate. The defendant, in his rejoinder, alleged, that the suit was brought for the sole use and benefit of the legatees : and that after the estate was inventoried and distributed, they received of the defendant, and gave receipts for, their whole shares. These facts were traversed by the plaintiff, and found, by the jury, in favour of the defendant. The plaintiff moved for judgment *non obstante veredicto.* Held, that the facts stated in the rejoinder constituted a complete defence for the defendant; but if otherwise, yet as the defendant had confessed no right of action in the plaintiff, and the defect might have been supplied by a new plea, the plaintiff was entitled only to have the verdict set aside, on a motion in arrest, and a repleader awarded.

Hill
*v.*
Blackstone.

The replication alleged, " that the defendant did not make, or cause to be made, a true and perfect inventory of the goods, chattels, credits and estate of the deceased, which came to his knowledge and possession, in this, *viz.* that after the death of the deceased, there came into the hands and possession of the defendant the following property, which was the property of the deceased at the time of his death, *viz.* 20 ounces of silver bullion, of the value of 25 dollars ; one pair of money scales, of the value of 2 dollars ; and one mortar, of the value of 3 dollars ; whereof the defendant hath made no inventory, nor rendered any account to said court of probate." The replication further alleged, that 500 dollars worth of personal estate was, by the will, given to *Abigail* and *Elizabeth Hoadley*, sisters of the deceased, which the defendant had not distributed, but converted to his own use, and had never rendered any account thereof to the court of probate.

The rejoinder of the defendant averred, that this suit was brought and prosecuted, in the name of the plaintiff, for the sole use and benefit, and by the direction, of *Abigail* and *Elizabeth Hoadley ;* and that they, after the death of said *Stephen Blackstone*, and after the estate had been duly inventoried and distributed, received of the defendant their whole shares of the estate given them by the will, and thereupon acknowledged the receipt thereof in full, by their writing under their hands.

This last allegation was traversed by the plaintiff ; on which issue was joined. The jury returned a verdict in favour of the defendant. The plaintiff moved for judgment in his favour *veredicto non obstante.* This motion was disallowed, and final judgment rendered for the defendant ; for the reversal of which this writ of error was brought.

*N. Smith* and *Bristol*, for the plaintiff, contended, that he was entitled to judgment upon the whole record, because a breach was well assigned by him, to which no sufficient answer was given. The condition of the bond required the defendant to inventory the estate of the deceased, to make distribution, and to render a just and complete account of his administration. It is no excuse for his omission of duty in these respects, that this suit is brought for the benefit of *Elizabeth* and *Abigail Hoadley*, and that they have received,

and given their receipts for, their shares of the estate. The plaintiff has a right to call upon the administrator to show how he has administered, and to settle his account. *Eliza-abeth* and *Abigail Hoadley* had no power to discharge a suit on this bond. The defendant might as well have pleaded *an accord and satisfaction* with them, as such a discharge.

*Hartford,*
*November,*
*1817.*

Hill
*v.*
Blackstone.

*Daggett* and *Staples,* for the defendant, insisted, 1. That the plaintiff had no personal interest in the bond, being merely a trustee for others. He can recover nothing, except for the benefit of others. The rejoinder, therefore, which alleges, that those persons for whose benefit alone the suit was brought, had been satisfied, and had given a receipt in full, forms a complete defence.

2. That admitting the issue to be immaterial, yet as the defendant has not confessed a right of action, the plaintiff is not entitled to judgment *non obstante veredicto,* but he should have moved in arrest of judgment, and if the motion prevailed, the court would have awarded a repleader. 2 *Tidd's Prac.* 828 *& seq.* 1 *Chitt. Plead.* 633, 4.

SWIFT, Ch. J. The plaintiff assigned as a breach of the bond, that certain personal estate had been given by will to *Abigail* and *Elizabeth Hoadley* ; that the same had been ordered to be distributed ; and that the defendant had not rendered any account of said property to the court of probate. The defendant in his rejoinder alleged, that the suit was brought for the sole use and benefit of the legatees, and that after the estate was inventoried and distributed, they received of the defendant the whole of their share, and gave a receipt in full for the same. This fact was traversed by the plaintiff, and found by the jury in favour of the defendant.

It is now insisted on by the plaintiff, that this allegation was insufficient, because it does not state that an account was rendered, or return made to the court of probate, and that he is entitled to judgment. I am of opinion, that the facts stated in the rejoinder constitute a complete defence for the defendant. It not only appears, that the parties in interest have executed a receipt in full for their shares of the estate, but it appears that they actually received the same. This was a literal compliance with the will, and a strict perform-

*Hartford,*
November,
1817.

Hill
*v.*
Blackstone.

ance of the condition of the bond. There is a distribution of the estate informally alleged by the defendant, and found by the jury. No time appears to have been limited for the return ; and the defendant was not bound to render any further account of the property to the court of probate. Of course, there has been no forfeiture of the bond.

But admitting the rejoinder to be insufficient, the plaintiff would not have been entitled to judgment on his motion ; but he should have moved in arrest ; the verdict might have then been set aside, and a repleader ordered.

It is a general rule, that where the issue is joined on a fact totally immaterial, or insufficient to determine the right, so that the court cannot know for whom judgment ought to be given, they will, after verdict, award a repleader : As where in an action of debt on bond conditioned to pay money on or before a certain day, the defendant pleads payment on the day, which issue, if found for the plaintiff, would be inconclusive, as the money might have been paid before ; the court will, therefore, award a repleader. But this will only be in cases where the party can amend his plea, or make a better plea. But if it appears from the whole record, that nothing material can be pleaded in any shape whatever, and that a repleader would be fruitless, it will not be awarded ; as where the defendant's plea amounts to a confession of the plaintiff's cause of action, though issue be joined on an immaterial part of it, and a verdict found, yet the court will treat the verdict as void, give judgment on the confession, and assess the damages accordingly. *Rex* v. *Philips,* 1 *Burr.* 301. *Lacy* v. *Reynolds, Cro. Eliz.* 214. *Jones* v. *Bodinner, Carth.* 370.

But in the present case, the defendant has not confessed the plaintiff's cause of action ; he has not acknowledged a forfeiture of the bond ; he has, at most, failed to allege the rendering of an account, and making due return to the judge of probate. This defect might have been supplied by a new plea. The plaintiff, therefore, could not be entitled to judgment on his motion. The proper way would have been to have moved in arrest ; and the court, if they had considered the rejoinder insufficient, and the issue immaterial, could have set aside the verdict, and have awarded a repleader.

I am of opinion that there is no error in the judgment complained of.

TRUMBULL, EDMOND, SMITH, BRAINARD, BALDWIN, GODDARD and HOSMER, Js. were of the same opinion.

GOULD, J. I can discover no foundation for either of the exceptions, which have been taken to the judgment below. The first breach assigned, (that no true inventory was exhibited by the administrator) is, confessedly, to be laid out of the case : It being disproved by the verdict. And it seems to me very clear, that the record furnishes the same answer to the second, *viz.* that the administrator has never distributed the specific articles, enumerated in the replication, to *Abigail* and *Elizabeth Hoadley.* For it is expressly alleged in the rejoinder, and found by the verdict, that " after the said estate had been duly inventoried and *distributed,*" they " received of the administrator, their whole shares of the estate devised." Now, what is this, in substance, but an averment of a *distribution* to them, and a receipt, by them, of their respective shares ? The plain amount of it is, that after their distributive shares had been ascertained and set out, the legatees received them. If the averment is, in any respect, *informal* ; advantage should have been taken of it by special demurrer ; but such an exception is now too late. It appears, then, from the record, that the shares of these legatees were actually distributed to them, according to the will, and accepted by them : And this, so far as regards those shares, is a literal performance of the condition.

The objection, that the interest of these legatees, in the recovery claimed in this action, is only equitable, and that their acts cannot, therefore, defeat the legal title of the plaintiff, on record, is entirely irrelative. The general question, how far rights, merely equitable, may be recognized in a court of law, does not, and cannot, arise. For as to that branch of the condition, upon which the breach now in question is assigned, the defence pleaded in the rejoinder, and found by the verdict, is that of *strict performance.* And nothing can be clearer than that the *performance* of a contract, according to the terms and true intent of it, (whoever may be the parties to the act of performance), is a complete defence to any suit upon it, as well at law, as in equity. Thus, if *A.* executes a bond to *B.* for the payment of money to *C.*, it could never be doubted, for a moment, that payment to *C.* is a good defence to an action on the bond ; though he

*Hartford,*
November,
1817

Hill
*v.*
Blackstone.

is not a party to the action. Now, this is, in principle, precisely the present case, so far as regards the second breach assigned. The defendants became bound to the plaintiff, that the administrator should, among other things, distribute, according to the will, to *Abigail* and *Elizabeth Hoadley,* their respective shares of the effects, which should come to his hands. The rejoinder alleges, in substance, that those shares have been distributed to them ; and the jury have found the allegation to be true. It appears, therefore, from the record, that that part of the condition, upon which the second breach is assigned, has been actually performed.

It is objected, however, that this allegation, in the rejoinder, is a *departure.* But it is impossible to support this proposition. For as the fact alleged, is performance of a part of the condition of the bond, it goes, to that extent, directly to fortify the general allegation of performance, in the plea in bar. But if it were a departure, it would be aided by the verdict : So that, in either point of view, the objection must fail.

The last breach alleged, or rather that which is last alleged as a breach, is, that the administrator has never rendered any account of the property specified in the replication. To this, it is a sufficient answer, that neither the law, nor the condition of the bond, requires of him any such account. All that he was bound to do with the property, was to distribute the surplus of it, after the payment of debts and charges, according to the will ; and this, as the record shows, has been done. This part of the replication, then, discloses nothing, which amounts to a breach : Since the subject matter of it is, clearly, not within the condition of the bond.

I am, therefore, of opinion, that the judgment ought to be affirmed.

Judgment affirmed.