PLUNKETT v. DETROIT ELECTRIC RAILWAY CO.[1]

JUDGMENT—NON OBSTANTE VEREDICTO—WHEN AUTHORIZED.

A defendant is entitled to judgment non obstante veredicto when the plaintiff's pleadings are not sufficient to support a judgment in his favor, and it appears on the *record* that the verdict cannot be supported as a matter of law, but defendant cannot have a judgment non obstante veredicto merely because, under the evidence, a verdict should have been directed in his favor.

Error to Wayne; Rohnert, J. Submitted April 26, 1905. (Docket No. 94.) Decided May 22, 1905.

Case by Matthew Plunkett against the Detroit Electric Railway Company for personal injuries. There was judgment for defendant notwithstanding a verdict for plaintiff, and plaintiff brings error. Reversed.

*George F. Monaghan*, for appellant.

*Corliss, Leete & Joslyn*, for appellee.

MONTGOMERY, J. Plaintiff, a city fireman, was pipeman on a hose truck, which was proceeding west on High street at 7:45 p. m., February 2, 1900, when it was struck at Hastings street by a north-bound Hastings-street car belonging to defendant. Plaintiff was thrown and injured. Plaintiff brought this action to recover for the injuries sustained, and on the trial, under a charge submitting the question of defendant's negligence, and that of the contributory negligence of the plaintiff, to the jury, a verdict was rendered in favor of the plaintiff for $2,500. Defendant thereupon entered a motion for judgment in its favor non obstante veredicto, for the reasons:

---

[1] Rehearing denied September 21, 1905.

"*First.* For that under the evidence given in said cause a verdict should have been directed by the court in favor of the defendant at the conclusion of the trial thereof.

"*Second.* For that this court charged said jury, in substance and effect, that the said plaintiff, by and through the persons with whom he was riding, was guilty of contributory negligence."

This motion was granted, and judgment non obstante veredicto was entered for defendant. Plaintiff brings error.

The defendant and the court below mistook the practice. At the common law, judgment non obstante veredicto could be entered only when the plea confessed the cause of action and set up matters in avoidance which were insufficient, although found true, to constitute a defense or bar to the action. The rule was later relaxed, and made to apply in favor of the defendant, so that it is now generally held that the defendant is entitled to a judgment non obstante veredicto when the plaintiff's pleadings are not sufficient to support a judgment in his favor. 11 Enc. Pl. & Prac. 912 et seq. So, too, if there be both a general and special verdict, and the latter be inconsistent with the former, judgment may, in some cases, be based upon the special verdict, diregarding the general verdict. But we know of no case in which it is proper practice to enter a judgment non obstante veredicto, unless it appears on the *record* that the verdict of the jury cannot be supported as matter of law. In all other cases the proper practice is to move for a new trial, or review the case on writ of error and exceptions. There must be either a general or special verdict to support a judgment, or the pleadings must authorize its entry. This question is ruled by *Central Sav. Bank* v. *O'Connor*, 132 Mich. 578. See, also, *Schmid* v. *Village of Frankfort*, 134 Mich. 619, and *County of Montmorency* v. *Putnam*, 135 Mich. 111. Counsel for appellant has presented the case upon the assumption that the circuit court had power

to consider the question which he assumed to pass upon, and has pointed out that the court mistook the rule as to imputed negligence, and that his holding is at variance with the ruling of this court in *McKernan* v. *Railway Co.*, 138 Mich. 519.

Defendant's counsel contend that there are other reasons why the verdict should have been for the defendant. We must decline to enter upon a consideration of these questions.

The judgment is reversed, and the case will be remanded, that the plaintiff may move for judgment on the verdict.  Plaintiff will recover costs.

MOORE, C. J., and GRANT, BLAIR, and OSTRANDER, JJ., concurred.