KATHERINE E. FAY, ADMINISTRATRIX, *vs.* THE HARTFORD AND SPRINGFIELD STREET RAILWAY COMPANY.

First Judicial District, Hartford, January Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The only remedy known to our law for an erroneous refusal of the trial court either to direct a verdict for the party entitled to one, or to set aside the verdict against him, is the grant of a new trial by this court on appeal.

A recital of all the evidence on an appeal has no force except for that purpose. Whatever the evidence it cannot justify this court in ordering the trial court to direct a certain verdict after it has declined to do so and has accepted a verdict in favor of the other party. A verdict can only be rendered by a jury before whom the cause has been tried.

It is an ancient feature of the jury system that when the evidence in a civil cause is so clear for one side or the other that reasonable men cannot differ as to the verdict which ought to be rendered, the judge may require the jury to return that verdict. In doing so, however, they still determine the issues of fact.

Motion filed December 26th, 1908, denied January 6th—opinion filed January 22d, 1909.

MOTION for leave to file a motion for the correction of the mandate of this court in returning the cause to the Superior

Court for a new trial. Copies of the motion were sent to each of the justices (Practice Book, 1908, p. 279, § 41), and at the opening of the January term, 1909, of this court the preliminary motion was denied.

*Charles E. Perkins* and *Ralph O. Wells,* in support of the motion.

*Hugh M. Alcorn* and *Benedict M. Holden,* in opposition to the motion.

BALDWIN, C. J. We are now asked to alter our mandate so as to make it, after setting aside the judgment for the plaintiff, remand the cause, with instructions to the Superior Court to enter judgment for the defendant.

The judgment which has been set aside followed the verdict, and it is plain that the facts found by that verdict could not support a judgment for the defendant, *veredicto non obstante.*

The request now made ignores two things: the nature of a trial by jury, and the function of an appeal from a judgment rendered on a verdict.

The plaintiff had a right to have her cause determined, as to the facts in issue, by the verdict of a jury. This could only be that of a jury which had heard the evidence of those facts, after receiving instructions from a judge who had presided at the trial.

It is an ancient feature of the jury system that when the evidence in a civil cause is so clear for one side or the other that reasonable men cannot differ as to the verdict which ought to be rendered, the judge may require the jury to return that verdict. In so doing, however, they still determine the issues of fact. They are directed to decide the issues in a certain way, because these could not reasonably be decided in any other way, and it is assumed that every juror will desire to give his decision according to the dictates of reason.

The appeal to this court recited the facts which the plaintiff claimed that she had established on the trial, and also those which the defendant claimed that it had established. These recitals had no force except for the purposes of the appeal. They showed that, on the assumption that the plaintiff had proved all she claimed, she had no right of recovery. But they did not show what evidence might be produced on a new trial, before a new jury. Should such a trial be claimed, it will be for that jury to determine the issues before it, on the pleadings as then made up, subject only to such directions as may be properly given by the judge then presiding over the court.

General Statutes, § 802, proceeds upon these principles in providing that "if the supreme court of errors shall find errors in the rulings or decisions of the court below, it shall reverse the judgment or order a new trial." The judgment of the Superior Court was the only one which could be rendered upon the verdict, as returned and accepted, and could not therefore be changed into a judgment for the defendant. The error lay deeper—in the refusal to direct a different verdict, or to set aside the verdict as against the evidence. To remedy that, a new trial is the only method known to our law.

Leave to file the motion in question was therefore denied.

In this opinion the other judges concurred.