FRANK STREITWEISER vs. ROBERT C. LIGHTBOURN.

Third Judicial District, Bridgeport, October Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A judgment *non obstante veredicto* is essentially one by confession, resting not upon evidence but upon admissions made in the pleadings; and therefore a motion by the defendant for such a judgment is entirely inappropriate where his pleadings consist solely of denials of the allegations of the complaint.

At common law such a judgment could not be rendered in favor of a defendant upon the plaintiff's cause of action.

Argued October 28th—decided December 20th, 1913.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence in running his automobile into and over the plaintiff, brought to the Superior Court in New Haven County and tried to the jury before *Gager, J.;* verdict and judgment for the plaintiff for $700, and appeal by the defendant. *No error.*

*Seymour C. Loomis,* with whom was *Francis G. Monahan,* for the appellant (defendant).

*Walter J. Walsh* and *Charles J. Martin,* for the appellee (plaintiff).

PER CURIAM. The evidence in this case is such that the issues as to the defendant's negligence and the plaintiff's lack of contributory negligence were properly submitted to the jury, and from it the jury might reasonably have found in favor of the plaintiff upon both issues. The court did not err in so holding, and in refusing to set aside the verdict.

The defendant's motion for a judgment notwith-

standing the verdict was entirely inappropriate to the situation before the court. Such a judgment is not rendered upon the evidence, but upon the admissions of the pleadings. The judgment is in its essence one by confession. The defendant's pleadings consisted solely of denials of the allegations of the complaint. Of necessity, therefore, there are no uncontroverted allegations entitling him to a judgment, even if it be assumed that such a judgment may be rendered in favor of a defendant upon the plaintiff's cause of action, as at common law it could not be. 1 Swift's Digest, s. p. 779; Stephen on Pleading, s. p. 98; *Schermerhorn* v. *Schermerhorn*, 5 Wend. (N. Y.) 513, 514; *Smith* v. *Powers*, 15 N. H. 546, 562; 11 Ency. of Pleading & Practice, 912, 913.

There is no error.