CHARLES HARRIS ET ALS. *vs.* ANGELO SISSA.

First Judicial District, Hartford, October Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

In an action to recover a commission as real-estate brokers for procuring a customer for the defendant's property, to whom he sold it, the complaint alleged the employment of the plaintiff firm, consisting of three partners, in July, 1914, when, as shown by the evidence, which came in without objection, the third member of the firm did not enter it until the spring of 1915. Evidence was also received tending to show that the employment was thereafter renewed, the terms remaining the same, and that the customer was thereafter secured. *Held* that under these circumstances the variance was immaterial.

At common law only a plaintiff could move for judgment *non obstante veredicto*.

Such a motion must rest solely upon the ground that the verdict could not properly have been rendered on the pleadings, and not, as in the present case, upon the ground of alleged variances.

Moreover, such motion had no substantial merit in this case, because the complaint not only alleged an employment of the new firm, which the answer denied, but that issue was found by the jury and judgment rendered thereon in the plaintiffs' favor, upon evidence which was legally sufficient for that purpose.

The charge of the court failed to make any distinction between the old and the new firm—which the defendant now insists was reversible error—but so far as the record disclosed both parties apparently assumed throughout the trial and until the defendant's motion was

filed on the day following the verdict, that the relation of broker and client, which admittedly began in 1914, was not interrupted by the addition of a new partner in 1915. *Held* that whatever the legal merit of this claim of the defendant, it came too late, as the rule (Practice Book, 1908, p. 235, § 115) required the defendant, if he intended to raise this question on appeal, to state it distinctly and in time for discussion by opposing counsel, and to request the trial court to make a note of it.

While a trial court is bound to charge the jury upon questions of law which are necessarily involved in the issues of fact submitted to them; it is not bound to interpose on a party's behalf all possible claims of law which he himself did not make.

The defendant, notwithstanding he made no request to that effect, complained of the omission of the court to instruct the jury that if they found an agreement that no commission was to be paid the plaintiffs unless the property was sold for more than a stated sum, their verdict must be for the defendant. *Held* that such a charge would not have been justified, unless a proviso had been added that the defendant would have been bound in such case to give the plaintiffs, after they had found the purchaser, a fair opportunity to sell the property to him for more than the stated amount.

Argued October 4th, 1916—decided January 5th, 1917.

ACTION to recover for services as real-estate brokers in effecting a sale of the defendant's property, brought to the Superior Court in Hartford County and tried to the jury before *Burpee, J.;* verdict and judgment for the plaintiff for $1,580, and appeal by the defendant. *No error.*

*Saul Berman,* with whom was *Moses A. Berman,* for the appellant (defendant).

*Albert C. Bill,* for the appellees (plaintiffs).

BEACH, J. The complaint describes the plaintiffs as three individuals copartners in business under the firm name of Harris, Cohn & Harris, and alleges that on July 15th, 1914, the plaintiffs were and ever since have been engaged in business as real-estate brokers in Hartford; that the defendant on said day requested the

plaintiffs to procure a customer for a certain piece of real estate belonging to him and agreed to pay them a commission therefor; that they did procure a customer to whom the defendant did sell the real estate and that their commission is now due and unpaid. The defendant's answer is in substance a general denial. The jury returned a verdict for the plaintiffs, and the defendant moved to set it aside as against the evidence, and also moved for a judgment *non obstante veredicto*. From the denial of these motions, and for alleged errors in the charge, the defendant appeals.

An examination of the evidence discloses that there was sufficient testimony to support all of the essential allegations of the complaint, and that the motion to set aside the verdict was properly denied. The evidence which the jury must have accepted as true shows that the defendant first employed the firm of Harris & Harris to procure a customer in July, 1914; that the third plaintiff, Cohn, was not admitted to the firm and the new partnership of Harris, Cohn & Harris was not formed until the spring of 1915; that in the fall of 1915 the defendant told one of the plaintiffs to go ahead and see what he could do in the way of selling the property; and that the plaintiffs thereafter procured the customer who bought it. There was, therefore, a variance as to the date when the firm of Harris, Cohn & Harris was formed, and as to the date when the defendant first employed that firm; but no objection was made to the evidence on that ground, and as the difference in date did not affect the terms of the employment, and as the customer was in fact procured by the firm of Harris, Cohn & Harris described in the complaint, the variance is immaterial.

The motion for judgment *non obstante veredicto* was properly denied. At the common law only a plaintiff was entitled to move for judgment notwithstanding the

verdict. If the defendant objected that the verdict was inconsistent with the pleadings, his remedy was by motion in arrest of judgment. Moreover, the motion, as it appears of record, is on its face insufficient, because it refers exclusively to alleged inconsistencies between the verdict and the evidence, whereas a motion of this kind must be based wholly on the ground that the verdict could not properly have been rendered on the pleadings. Finally the motion is without substantial merit, because the only point of law presented by it which is not more properly covered by the motion to set aside the verdict, turns upon a question of fact which the jury must have found in favor of the plaintiffs upon evidence which, as already stated, was legally sufficient for that purpose. The defendant's claim as to this point is that the dissolution of the old firm of Harris & Harris in the spring of 1915 put an end to their employment by the defendant as brokers; and that therefore no privity of contract existed between the defendant and the new firm. It is unnecessary to discuss this claim because it does not fit the facts. This complaint alleges, and the answer denies, that the defendant contracted directly with the new firm of Harris, Cohn & Harris, and that issue has been found by the verdict and judgment in the plaintiffs' favor; the variance as to date being, as already stated, immaterial.

The assignments of error numbered 1, 2, 3, 4, 5, 6, 9, 10, and 13, all turn upon the same claim: that the court failed to distinguish between the firm of Harris & Harris and the firm of Harris, Cohn & Harris, and in so doing failed to give the defendant the full benefit of his denial that he had placed his property in the hands of the plaintiffs for sale, and also gave credit to the new firm for some preliminary work done by the old firm. Such is doubtless the effect of the whole charge, for it makes no distinction whatever between the old firm and the

new.  So far as the record shows, both the court and the parties seem to have assumed throughout the trial that the relation of broker and client, which admittedly began when the defendant placed his property with Harris & Harris for sale (the terms only being in dispute), was not interrupted by the subsequent formation of the new firm of Harris, Cohn & Harris in the spring of 1915.  It does not appear of record that the defendant made any claim that the existing relation of broker and client had been interrupted by the formation of the new firm, until the original motion for judgment *non obstante veredicto* was filed on the day after the verdict was rendered.  Without meaning to intimate any opinion as to the legal merits of this claim, we think it was then too late to raise the point for the purpose of claiming that the court erred in omitting to charge the jury with reference to it.  Rule 115 of the Superior Court (Practice Book, 1908, p. 235) required the defendant, if he intended to raise the question on appeal, to state it distinctly, and in such time as to give opportunity for discussion by opposing counsel, and to request the court to make note of it.  These things he did not do, either by objecting to the evidence of the original employment of the old firm and of its activities in attempting to secure a customer, or by request to charge; and under the circumstances the court did not err in charging and omitting to charge as set forth in the above numbered reasons of appeal.  The court was bound to charge the jury upon the questions of law which were necessarily involved in the issues of fact submitted to the jury; but it was not bound to interpose on the defendant's behalf all possible claims of law which he did not make, especially when the underlying issue of fact—i. e. whether the defendant knew of the change in the firm at the time it was made—was not submitted to the jury.

As already stated, there was evidence from which the

jury could have found that the defendant employed the new firm after it was formed, and that is sufficient to support the verdict. Hence there is no reason why we should depart from the general rule that this court will not consider any reason of appeal relating to the conduct of the trial unless it appears from the record that the question was distinctly raised at the trial and was decided by the court adversely to the appellant's claim. General Statutes, § 802.

The only other assignment of error pursued upon the brief relates to the omission of the court to charge the jury that if they found that it was agreed that the plaintiffs were not to receive any commission unless the property in question was sold for more than $79,000, then their verdict must be for the defendant. No such request to charge was made, but if it had been, the court would not have been justified in so charging without adding the proviso that the defendant would in such case be bound to give the plaintiffs, after they found the purchaser, a fair opportunity to sell the property to him for more than $79,000

There is no error.

In this opinion the other judges concurred.