CARMELA GESUALDI v. CONNECTICUT COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 5, 1944—decided February 21, 1945.

*James W. Carpenter,* for the appellant (defendant).

*Morton E. Cole,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff brought this action to recover damages for injuries resulting from a fall as she was about to enter a bus operated by the defendant. The jury returned a general verdict in her favor, but, in connection with it, answered two interrogatories: to one, asking whether the plaintiff fell on the icy highway before she had placed her foot on the step of the bus, they answered "No"; and to the other, asking whether she fell as a result of her right foot slipping on the step of the bus at the time when her left foot had already been lifted from the highway, they answered "Yes." The defendant made a motion in the first paragraph of which it asked to have the general verdict set aside and in the second paragraph of which it sought the entry of judgment in its favor upon the basis of the jury's answers to the second interrogatory, notwithstanding the general verdict. The trial court granted the motion in so far as it sought to have the general verdict set aside, but denied the other relief asked. From its memorandum of decision it appears that it set the verdict aside because of a fatal variance between the allegations of the complaint as to the cause of the plaintiff's fall and proof that it was due to her slipping on the step of the bus. It later made a finding of the circumstances which led it to refuse to enter a verdict in the defendant's favor because of the answers to the interrogatories. The trial court concluded, as appears from this finding, that linguistic difficulties on the part of the plaintiff as a witness and a consideration of other testimony offered would make it improper and unfair to her to direct judgment in the defendant's favor upon the evidence as offered, and also that the court had no power to direct the entry of such a judgment, either under our decision in the case of *Belchak* v. *New York, N. H. & H. R. Co.,* 119 Conn. 630, 179 Atl. 95, or under those in *Fay* v. *Hart-*

*ford & Springfield Street Ry. Co.,* 81 Conn. 578, 579, 71 Atl. 734; *Koops* v. *Gregg,* 130 Conn. 185, 195, 32 Atl. (2d) 653; and *Edwards* v. *Grace Hospital Society,* 130 Conn. 568, 575, 36 Atl. (2d) 273. The defendant has appealed, and the refusal of the trial court to enter judgment in its favor is the sole error presented to us.

If the trial court was correct in its last conclusion above stated, there would be no occasion to consider the case further. It apparently treated the four cases it cited as presenting the single question whether, under our present practice, a judgment non obstante veredicto could in any event be entered. Such judgments were early given recognition by us. *Fitch* v. *Scot,* 1 Root 351; *Church* v. *Tomlinson,* 2 Conn. 134, note. Two other early cases outlined the limits within which such judgments could properly be entered. In *Hill* v. *Blackstone,* 2 Conn. 247, the plaintiff, after the rendition of a verdict for the defendant, moved for judgment non obstante veredicto. *Swift, C. J.,* pointed out (p. 250) that the defendant had not confessed judgment, but at most had failed to plead sufficient facts to constitute a defense, and he said: "This defect might have been supplied by a new plea. The plaintiff, therefore, could not be entitled to judgment on his motion. The proper way would have been to have moved in arrest; and the court, if they had considered the rejoinder insufficient, and the issue immaterial, could have set aside the verdict, and have awarded a repleader." On the other hand, in *Bliss* v. *Bange,* 6 Conn. 78, the plaintiff brought an action of trespass, based upon a violation of the statute against forcible entry and detainer; the defendant admitted the acts of trespass alleged but pleaded in defense that he held freehold title to the lands; a verdict was rendered in his favor; but the Supreme Court advised the trial court to render judgment for the plaintiff, as a free-

hold title in the defendant could not as matter of law be a defense.

In *Fay* v. *Hartford & Springfield Ry. Co.*, 81 Conn. 330, 71 Atl. 364, a jury rendered a verdict for the plaintiff to recover damages for a personal injury; upon appeal by the defendant, we held that upon the evidence the plaintiff was guilty of negligence as matter of law, that the trial court should have directed a verdict in the defendant's favor or should have granted the defendant's motion to set the verdict aside; and we ordered a new trial. We were later asked to amend the rescript so that it would direct the trial court to enter judgment for the defendant non obstante veredicto. We refused to do this. *Fay* v. *Hartford & Springfield Street Ry. Co.*, 81 Conn. 578, 71 Atl. 734. There is undoubtedly language in the opinion of the last case which, taken by itself, would indicate that in no event could a judgment non obstante veredicto be entered. The substance of the decision was, however, that, as the plaintiff could not recover because the evidence failed to establish an essential element in her case, she should not be deprived of an opportunity by a retrial to secure judgment either on the pleadings as they stood or as they might be amended. That we did not mean to hold that a judgment non obstante veredicto could in no event be rendered appears from other cases we later decided. In *Streitweiser* v. *Lightbourn*, 87 Conn. 527, 89 Atl. 186, and *Harris* v. *Sissa*, 91 Conn. 249, 251, 99 Atl. 580, we held that such judgments could not be rendered, not because they were not recognized in our procedure, but because such a judgment can only be entered where required by the application of legal principles to the facts pleaded; and in the second case it was specifically held that inconsistencies between the verdict and the evidence were not a sufficient ground. In *Lamenza* v. *Shelton*,

96 Conn. 403, 114 Atl. 96, on an appeal from a judgment upon a writ of error in summary process, we held that the trial court properly directed the rendition of a judgment non obstante veredicto for the plaintiff where, under the terms of the lease in question, the defendants could never establish their claimed right to a renewal of it. In *Ruocco* v. *Logiocco*, 104 Conn. 585, 134 Atl. 73, we remanded the case with direction to enter a judgment non obstante veredicto for the defendant where the plaintiff's right to recover was precluded by a previous judgment against him upon the same issues. In each of the cases of *Koops* v. *Gregg*, supra, and *Edwards* v. *Grace Hospital Society*, supra, we held that the trial court should have set a plaintiff's verdict aside, but we refused to direct the entry of a judgment for the defendant where there had been merely a failure to prove a right to recover under the allegations of the complaint.

A reading of the opinions in these cases indicates some inconsistency in our decisions, but they lead to this statement of our conclusions: A judgment non obstante veredicto may be rendered where the application of legal principles to facts conclusively established by pleadings or judicially admitted shows that the party against whom the verdict was rendered is entitled to judgment; it cannot properly be entered where the person in whose favor the general verdict was rendered is not entitled to judgment upon it because of a failure of proof at the trial which may be remedied at a new trial; and, even though upon the pleadings as they stand judgment might be entered, the trial court may in its discretion refuse to direct it, if it concludes that, in justice to the party against whom it is claimed, a further opportunity should be afforded him upon repleading to establish his case. In the cases of *Streitweiser* v. *Lightbourn*, supra, and *Harris* v. *Sissa*, supra,

we referred to the fact that by the English common law a judgment non obstante veredicto could not be rendered for a defendant. Whatever the reason therefor, this restriction upon the rendition of such a judgment has been quite generally repudiated in this country by statutes or decisions of the courts. *Tarbell* v. *Grand Trunk Ry. Co.*, 94 Vt. 449, 111 Atl. 567; *Plunkett* v. *Detroit Electric Ry. Co.*, 140 Mich. 299, 103 N. W. 620; *Muench* v. *Heinemann*, 119 Wis. 441, 449, 96 N. W. 800; *Shives* v. *Cotton Mills*, 151 N. C. 290, 66 S. E. 141; 1 Freeman, Judgments (5th Ed.), p. 19. We never gave slavish adherence to the rules of English common-law pleading; *Wilford* v. *Grant*, Kirby 114, 117; *Greco* v. *Keenan*, 115 Conn. 704, 705, 161 Atl. 100; and in *Ruocco* v. *Logiocco*, supra, we directed a judgment non obstante veredicto for the defendant. Certainly, in these days when procedure has lost much of its technicality, the desirability of terminating an action wherein the plaintiff cannot, as matter of law, establish a right of recovery, even though all he alleges or can allege in the action is proved, is sufficient basis for holding that a judgment non obstante veredicto may be entered for a defendant where the conditions we have stated are satisfied.

Thus far we have been speaking of judgments non obstante veredicto. The motion of the defendant was not in reality one for such a judgment. A judgment entered contrary to a general verdict as the result of application of principles of law to a special verdict or to answers to interrogatories returned in connection with a general verdict is not a judgment non obstante veredicto but is one entered upon the verdict as the result of giving controlling weight to the special finding of facts made by the jury rather than to the conclusions embodied in the general verdict. *Ellison* v. *Railway Co.*, 94 S. C. 425, 431, 77 S. E. 723, 78 S. E.

231; 1 Freeman, op. cit., p. 22. See *Walker* v. *Southern Pacific Railroad,* 165 U. S. 593, 597, 17 Sup. Ct. 421; *Victor-American Fuel Co.* v. *Peccarich,* 209 Fed. 568, 571, 126 C. C. A. 390. The only case in our reports dealing with the question of the rendition of such a judgment is *Belchak* v. *New York, N. H. & H. R. Co.,* supra. In that case, the plaintiff had recovered damages for injuries suffered when an automobile which her intestate was driving was struck by a freight car as it was crossing the tracks of the defendant; the jury brought in a general verdict for the plaintiff, but answered in the affirmative a question whether at the time of the accident an employee of the defendant had been on the crossing swinging a white lantern. The defendant made a motion which asked, in the first paragraph, to have the general verdict set aside and, in the second paragraph, that judgment be rendered in its favor, basing both claims upon the ground that the answer to the interrogatory indisputably showed that it was the negligence of the decedent which caused his death. The trial court granted the relief sought in the second paragraph of the motion. On appeal by the plaintiff, we found error. We pointed out that in most states there are controlling statutes, but the practice of entering a judgment upon a special finding for a party against whom the general verdict was rendered has been recognized at common law, and we said (p. 634): "To justify the entry of a judgment contrary to a general verdict upon the basis of answers to interrogatories, those answers must be such in themselves as conclusively to show that as matter of law judgment could only be rendered for the party against whom the general verdict was found; they must negative every reasonable hypothesis as to the situation provable under the issues made by the pleadings; and in determining that, the court may consider only the

issues framed by the pleadings, the general verdict and the interrogatories, with the answers made to them, without resort to the evidence offered at the trial." We added that this would necessarily be so under our practice as there is no method by which the evidence could be brought before us for a review of the rendition of such a judgment upon the basis of the facts proven at the trial; and we held (p. 635) that judgment could not be entered in the case before us because "an entirely reasonable hypothesis might be formulated within the scope of the pleadings and not inconsistent with the answer to the interrogatory, which would remove the question of negligent conduct on the part of the operator of the car from the field of law to that of fact and, despite that answer, justify the general verdict for the plaintiff."

In the instant case, the jury have determined by the answers to the interrogatories the cause of the plaintiff's fall, and assuming, as the trial court held, that this was beyond the scope of permissible recovery under the allegations of the complaint, the application of principles of law to the facts so found would point to the result that the defendant should have judgment. It could be argued that the defendant was just as much entitled to have judgment entered upon the facts so found by the jury as is a party in whose favor a general verdict is rendered to have judgment entered upon that verdict; that is to say that in such a case as this, the entry of judgment for the defendant is compulsory. Upon this question we have found little help in the decisions of other states, because they usually have been dictated by controlling statutes, the provisions of which vary. For example, the statutes of West Virginia in such a situation require that judgment be entered upon the special finding; *Grass* v. *Development Co.*, 75 W. Va. 719, 725, 84 S. E. 750;

and a similar statute no doubt was the reason why, in *Baltimore & Ohio & C. R. Co.* v. *Paul,* 143 Ind. 23, 33, 40 N. E. 519, the court, in finding error, directed judgment in accordance with the answers to interrogatories, though contrary to the general verdict. See 2 Burns, Indiana Statutes (1933) § 2-2023. On the other hand, the statute in Kansas states that the court "may" give judgment upon a finding inconsistent with a general verdict; but in *Kansas City* v. *Brady,* 52 Kan. 297, 308, the Supreme Court remanded a case to the trial court with direction to enter a verdict in accordance with special findings; and we find similar decisions under a like statute in *Paxton* v. *Boyer,* 67 Ill. 132, 137, and *Crosse* v. *Knights of Honor,* 254 Ill. 80, 87, 98 N. E. 261; but in view of the permissive nature of the statutes controlling in these cases, we cannot construe the decisions as meaning more than that, in the particular situations before the court, a judgment upon the special findings was required.

There is a close analogy between judgments non obstante veredicto and judgments entered upon a special finding by a jury contrary to the general verdict, and some of the considerations we have pointed out with reference to the former apply to the latter. The very inconsistency in this case between the special finding and the general verdict shows that in some way the jury went astray. It accords with the policy of our decisions to give to a party who claims to have suffered a wrong at the hands of another every reasonable opportunity to establish his right to redress. Where a trial court is confronted with a situation such as the one before us, even though it might direct judgment for a party against whom a general verdict is rendered, we conclude that, if it is of the opinion that it would not be just to the party against whom the judgment would enter to foreclose him from any fur-

ther opportunity to establish his right to recover, either upon the pleadings as they stand or upon amendments to them, it may, in its discretion, direct a new trial instead of the entry of a judgment. In this case the ruling of the trial court in the exercise of its discretion that judgment should not enter for the defendant cannot be held erroneous.

The plaintiff questions the propriety of the action of the trial court in making a finding in this case. In the *Belchak* case, we stated that in determining whether to grant the motion only matters of record could be considered, without resort to the evidence; and we added that under our practice this would necessarily be so because our rules provide no method by which the evidence could be brought before us in order to review the entry of such a judgment. What we meant was that no such judgment could in any event be rendered unless upon the bare facts of record, apart from the evidence, it could be found that the party against whom the general verdict was rendered was entitled to it. What we now hold is that, although those conditions be met, the trial court can still, in the exercise of a sound discretion, refuse to render it. Obviously, for the purpose of testing the exercise of its discretion in ruling upon a motion for such a judgment, a finding may be necessary; and to this extent we modify the statement in the *Belchak* case. The action of the trial court in making a finding was proper.

There is no error.

In this opinion the other judges concurred.