WALTER PAROWSKI, JR., EXECUTOR (ESTATE OF JULIA PUROWSKI) *v.* BRIDGEPORT HOSPITAL ET AL.

O'SULLIVAN, C. J., WYNNE, DALY, KING and SWAIN, Js.

Argued May 7—decided July 2, 1957

*Sigmund L. Miller,* with whom were *Helen F. Krause* and, on the brief, *Bernard Green, Donal M. Collimore* and *Arthur H. Salvin,* for the appellant (plaintiff).

*Lawrence S. Finkelstone,* with whom were *Lawrence E. Levy* and, on the brief, *George N. Finkelstone,* for the appellee (named defendant).

WYNNE, J. This action was brought to recover damages for the injuries and resulting death of the plaintiff's decedent. At the time of the occurrence complained of, she was a patient in the Bridgeport Hospital. That institution and a supervisor of nurses are the defendants. The jury returned a verdict in favor of the plaintiff against both defendants. They moved to set aside the verdict and for judgment notwithstanding the verdict pursuant to Practice Book § 234. The court granted the motion of the defendant hospital for judgment notwithstanding the verdict, and from the judgment rendered the plaintiff has appealed.

From the memorandum of decision, it appears that judgment for the defendant hospital notwithstanding the verdict was rendered because the plaintiff offered no evidence showing that this defendant was negligent in its selection of its servants and agents, or showing that it failed to provide facilities and staffing adequate to supply the needs of the hospital in conformity with the provisions made by similar hospitals similarly situated and was thereby negligent, or showing that it was negligent because it permitted the ward in question to be presided

over by a nurse who, although a graduate nurse, was not a registered one. The question presented, therefore, is whether there was offered at the trial evidence upon which reasonable persons could have reached the conclusion that the decedent's injuries were caused by the hospital's negligence in any one or more of the foregoing respects. There is no occasion to discuss the claim having to do with the defense of charitable immunity. This court has just decided that the doctrine still prevails in Connecticut. *McDermott* v. *St. Mary's Hospital Corporation,* 144 Conn. 417, 423, 133 A.2d 608.

From the evidence it appears that the jury could have found facts as follows: On January 20, 1952, the plaintiff's decedent, Mrs. Purowski, a woman sixty-four years of age, was admitted to the defendant hospital for treatment for a bronchial asthma condition. She was assigned to ward 2 west. She occupied room 216, a small room which was part of the ward. She was under the care of the nursing personnel having charge of the ward and was a ward patient. She was put in an oxygen tent and given seconal and on January 23 she was improved and her own physician ordered that she be kept out of oxygen. On the shift beginning at 11 p.m. on January 23 and ending at 7 a.m. on January 24, Lillian Jenulesen was the nurse in charge of the patients in ward 2 west. Early in the morning of January 24 she noticed that Mrs. Purowski was becoming very restless and confused and was having hallucinations. It was impossible for Mrs. Jenulesen to keep a constant watch over Mrs. Purowski. On several occasions Mrs. Jenulesen advised the night supervisor of the condition of the patient and finally, at about 4 a.m., reported that Mrs. Purowski was getting worse and requested additional help in the

ward. No additional help was received. Shortly after 6 a.m., Mrs. Jenulesen heard a thud in room 216, entered the room and saw that the patient's bed was empty. Almost immediately, Mrs. Purowski was found lying on the sidewalk two stories below, having sustained serious injuries which resulted in her death. She had either fallen or jumped from the window of room 216 at a time when she was disoriented.

Even to attempt to distinguish the case from *Edwards* v. *Grace Hospital Society,* 130 Conn. 568, 36 A.2d 273, the plaintiff would have to depend upon the testimony of Dr. Robert Cushing. An analysis of his testimony shows that it fell short of the rule we adopted in the *Edwards* case. There was no evidence that the named defendant conducted its hospital differently from the way in which other hospitals similarly located were conducted. Therein is the weak link in the plaintiff's reasoning. Nor is there merit in the claim that the verdict was not actually set aside as to this defendant. The entry of judgment notwithstanding the verdict shows that the verdict was set aside. The judgment file is clear that there is no judgment against the defendant hospital. The plaintiff succinctly stated the fundamental issue but inevitably discussed numerous facets. We are unable to say that the trial court misconceived the situation. On the evidence revealed in the transcript, and under the principles established in *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 420, 101 A.2d 491, the trial court followed our law.

There is no error.

In this opinion DALY, KING and SWAIN, Js., concurred; O'SULLIVAN, C. J., dissented.