RALPH FABRIZIO, ADMINISTRATOR (ESTATE OF ROSE FABRIZIO) *v.* ANTHONY YOUHAS ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

Argued May 3—decided May 29, 1961

*William P. Aspell,* with whom was *George Muir,* for the appellant (defendant Bertha Youhas).

*Albert L. Coles,* with whom was *Thomas J. Dolan,* for the appellee (plaintiff).

KING, J.  The plaintiff, as administrator of the estate of Rose Fabrizio, instituted this action against the defendants, Anthony and Bertha Youhas, husband and wife, for the recovery of damages for the death of Mrs. Fabrizio resulting from her fall down the cellar stairs in a house owned by the defendants and occupied by them as their home. The jury returned a verdict for the plaintiff against both defendants.

The plaintiff's specifications of negligence, as set forth in his complaint, were (1) that the cellar door opened inward; (2) that the cellar stairway had no railing; (3) that there was no landing at the top of the cellar stairway; and (4) that although all of these defective conditions "were known to the defendants, or in the exercise of reasonable care should have been known to them," they failed to provide proper safeguards for the opening of the cellar door and stairway.

The complaint alleged that the decedent "was visiting" at the defendants' home. All parties agree that on the evidence she was a social guest and consequently her status was that of a licensee. *Laube* v. *Stevenson,* 137 Conn. 469, 473, 78 A.2d 693; *Lubenow* v. *Cook,* 137 Conn. 611, 613, 79 A.2d 826; *Torre* v. *DeRenzo,* 143 Conn. 302, 308, 122 A.2d 25; *Hennessey* v. *Hennessey,* 145 Conn. 211, 213, 140 A.2d 473. The duty of one in the position of the defendant Bertha, the appellant, to a licensee like the decedent was recently restated in *Hennessey* v.

*Hennessey,* supra. It need not be repeated except to note that it is limited to the exercise of reasonable care (a) to refrain from actively subjecting the licensee to danger and (b) under certain circumstances to warn the licensee of certain types of dangerous conditions on the premises. The present complaint contained no allegation even suggestive of a violation of either duty. Once the status of the decedent as a social guest was established, recovery was impossible under the allegations of the complaint. *Buol Machine Co.* v. *Buckens,* 146 Conn. 639, 642, 153 A.2d 826, and cases cited therein; *Epstein* v. *M. Blumenthal & Co.,* 114 Conn. 195, 199, 158 A. 234.

Both defendants moved for a directed verdict in their favor under Practice Book § 234. After the jury had returned a verdict in favor of the plaintiff, the defendants moved that it be set aside and judgment rendered for them. The court granted the motion as to the defendant Anthony and rendered judgment in his favor notwithstanding the verdict, apparently on the theory that he was not at home during the visit of the decedent and had no knowledge that she would be on the premises. *Laube* v. *Stevenson,* supra, 475. The plaintiff took no appeal. As to the defendant Bertha, the court refused to disturb the verdict, and judgment was rendered against her. She claims that this was error and that the case should be remanded with a direction that judgment be rendered in her favor notwithstanding the verdict, as was done, for instance, in *Stavnezer* v. *Sage-Allen & Co.,* 146 Conn. 460, 462, 152 A.2d 312, and *Senderoff* v. *Housatonic Public Service Co.,* 147 Conn. 18, 21, 156 A.2d 517.

The plaintiff's claims of proof indicate that, contrary to the situation in *Senderoff* v. *Housatonic*

*Public Service Co.,* supra, under a proper complaint the jury might have been justified in returning a plaintiff's verdict against the defendant Bertha. She, as was her right, chose not to attempt to have the complaint make more specific the decedent's status in "visiting" in her home, nor, by demurrer or otherwise, to raise any question as to the adequacy of the allegations in setting forth a breach of duty to a social guest, that is, a licensee. There is nothing to indicate a persistent failure on the part of the plaintiff, during the trial, to clarify the complaint, as was the case in *Stavnezer* v. *Sage-Allen & Co.,* supra, 461. Apparently neither the plaintiff nor the court appreciated the inadequacy of the complaint even after Bertha had clearly pointed it out in her exceptions to the charge. Under all the circumstances, we cannot say that if the court had, as it should have, set aside the verdict against the defendant Bertha, it would have been an abuse of discretion for the court to have denied the motion for judgment notwithstanding the verdict and to have ordered a new trial. See *Attardo* v. *Ambriscoe,* 147 Conn. 708, 712, 166 A.2d 458; *Senderoff* v. *Housatonic Public Service Co.,* supra; *Antonofsky* v. *Goldberg,* 144 Conn. 594, 599, 136 A.2d 338; *Parowski* v. *Bridgeport Hospital,* 144 Conn. 531, 534, 134 A.2d 834; *Fisher* v. *Jackson,* 142 Conn. 734, 738, 118 A.2d 316; *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 420, 101 A.2d 491; *Gesualdi* v. *Connecticut Co.,* 131 Conn. 622, 631, 41 A.2d 771. It follows that we cannot, in this court, order that judgment be rendered for the defendant Bertha. *Robinson* v. *Southern New England Telephone Co.,* supra.

As pointed out above, the verdict should have been set aside, since the plaintiff failed to prove a

cause of action within the purview of the allegations of his complaint.

There is error, the judgment as to the defendant Bertha Youhas only is set aside, and as to her a new trial is ordered.

In this opinion BALDWIN, C. J., SHEA and BORDON, Js., concurred; MURPHY, J., concurred in the opinion so far as it holds that recovery was impossible under the allegations of the complaint but expressed the view that the trial court should be directed to render judgment for the defendant Bertha Youhas notwithstanding the verdict.