SANTINA CALABRO *v.* MARIE CALABRO, ADMINISTRATRIX (ESTATE OF JOSEPH CALABRO), ET AL.
(11451)

FOTI, LANDAU and FREEDMAN, Js.

---

Argued December 6, 1993—decision released March 29, 1994

*Max F. Brunswick,* with whom were *Andrew M. LaBella,* and, on the brief, *Sherman A. Zitomer,* for the appellants (defendants).

*Timothy Brignole,* for the appellee (plaintiff).

FOTI, J. The defendants[1] appeal from the judgment rendered for the plaintiff, following a jury trial, awarding recovery in the amount of $105,000. The defendants claim that the trial court improperly failed to set aside the verdict as it (1) was against the evidence or contrary to law, (2) awarded excessive damages, (3) was barred by the statute of limitations, and (4) was contrary to the interrogatories as answered by the jury. The defendants also allege that the trial court improperly awarded interest pursuant to General Statutes

[1] The complaint lists the defendants as "Estate of Joseph Calabro, deceased; and Marie Calabro, individually and as administratrix of the estate of Joseph Calabro." The complaint and interrogatories refer to the decedent as a defendant. We do so as well only for clarity.

§ 52-192a and refused to declare a mistrial. We reverse the judgment and remand for a new trial.

The jury could reasonably have found the following facts relevant for purposes of this appeal. The plaintiff, Santina Calabro, and the defendant, Marie Calabro, are sisters-in-law. The plaintiff was the sister of the decedent, Joseph Calabro, and the defendant was his wife. In 1980, the plaintiff entrusted Joseph with the sum of $45,000 upon his representation that he would double or triple her money. The defendant denied that she had any knowledge of the plaintiff's entrustment. The money represented the bulk of the plaintiff's life savings and was intended for her retirement. Joseph represented that he would invest the funds by himself or through the C.C.W. Corporation, which he controlled. He allegedly invested the funds in real estate and the purchase of fifty shares of stock in the C.C.W. Corporation. Several real estate purchases were made by the decedent in his and his wife's names with rights of survivorship.

Joseph Calabro died intestate on August 11, 1986, and the Probate Court appointed the defendant administratrix of his estate on September 4, 1986. On July 22, 1987, the estate of Joseph Calabro denied the plaintiff's claim of $135,000. This action was commenced and a revised complaint was filed on August 8, 1988.

The plaintiff's revised complaint was brought in five counts. The first and second counts were brought against Joseph Calabro for breach of fiduciary duty and negligent misrepresentation, and sought damages for economic harm and emotional distress.[2] The third count

---

[2] At oral argument before this court, the parties indicated that a motion to strike was granted as to all the claims of recovery for emotional distress.

was brought against Marie Calabro "acting as Administratrix of the Estate of Defendant, Joseph Calabro, and as heir, devisee or beneficiary of the Estate of Defendant, Joseph Calabro, and as an officer of C.C.W. Corporation" for conversion. The fourth count was against Marie Calabro as successor trustee and alleges breach of fiduciary duty. The fifth count was brought against Joseph Calabro for alleged breach of contract. The plaintiff sought the following relief: the declaration of a trust for the benefit of the plaintiff, an accounting of the trust, the return to the plaintiff of the proceeds once the trust has been terminated, monetary damages, costs and attorney's fees, and such other relief as the court might deem fit.

The defendants, along with an answer, filed two special defenses alleging that the plaintiff had assumed the risk and that the action was barred pursuant to the limitations of General Statutes § 52-577.[3] The plaintiff denied both special defenses and, in "reply" to the second special defense, alleged (1) fraudulent concealment, (2) false representation, (3) breach of a fiduciary relationship, and (4) laches. The "answer" to the plaintiff's "reply" denied those allegations.

Many interrogatories were submitted to the jury.[4] In addition, the jury signed and returned, through its foreperson, nine verdict forms directed at each count and each defendant in different capacities. Seven of the forms awarded recovery to the plaintiff of $105,000 damages on the assorted counts against the defendant.[5]

---

[3] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[4] Although the interrogatories were numbered one through fifteen, three separate interrogatories were marked as number one. There were actually thirty-six answers returned by the jury because of multiple parts to the questions.

[5] In count three, the jury awarded $105,000 for Marie Calabro's misconduct in *each* of the following capacities: (1) as officer of the corporation,

The jury returned verdict forms, finding as follows: (1) against the estate of Joseph Calabro on the first, second, and fifth counts; and (2) against Marie Calabro on the second, third and fourth counts. The court rendered judgment for the plaintiff in the amount of $105,000 plus prejudgment interest of $46,585 and counsel fees of $350. Thereafter, the court denied several postjudgment motions by the defendants including motions to set aside the verdict and for remittitur.

We note at the outset that, while the second count of the plaintiff's complaint was not directed against the defendant Marie Calabro, individually, interrogatory number three asked: "Has the plaintiff proven by a fair preponderance of the evidence the allegations contained in Count Two of her complaint that the Defendant Marie Calabro negligently misrepresented to the Plaintiff such facts which caused her to make an investment in C.C.W. [Corporation] which negligent misrepresentation caused the Plaintiff Santina Calabro to sustain an economic harm?"

The jury responded in the *negative* to this interrogatory. The jury, nevertheless, returned a verdict form for the plaintiff *as against the defendant Marie Calabro* "on the Second Count" and awarded $105,000 in damages. In addition, the jury returned a verdict against Marie Calabro on all other counts directed at her. The plaintiff, at oral argument, conceded that submitting this interrogatory and the corresponding verdict form to the jury was improper as to count two.

The trial court has broad discretion in deciding whether to set aside a jury verdict; *O'Brien* v. *Seyer,* 183 Conn. 199, 208, 439 A.2d 292 (1981); and a reviewing court should accord great weight to that decision. *Labatt* v. *Grunewald,* 182 Conn. 236, 240, 438 A.2d 85

(2) as director of the corporation, (3) as administratrix of the estate, and (4) as heir, devisee or beneficiary.

(1980). " 'In reviewing the action of the trial court in denying . . . [a motion] to set aside the verdict . . . we decide only whether, on the evidence presented, the jury could fairly reach the verdict they did. . . .' " (Citation omitted.) *Ginsberg* v. *Fusaro,* 225 Conn. 420, 431, 623 A.2d 1014 (1993). The question is whether the jury could reasonably and legally have reached its conclusion. *Gemme* v. *Goldberg,* 31 Conn. App. 527, 541, 626 A.2d 318 (1993).

"The court has a duty to submit to the jury no issue upon which the evidence would not reasonably support a finding. *Miles* v. *Sherman,* 116 Conn. 678, 683, 166 A. 250 (1933); *Fine* v. *Connecticut Co.,* 92 Conn. 626, 630–31, 103 A. 901 (1918). *Batick* v. *Seymour,* 186 Conn. 632, 641, 443 A.2d 471 (1982)." (Internal quotation marks omitted.) *Goodmaster* v. *Houser,* 225 Conn. 637, 648, 625 A.2d 1366 (1993). It is axiomatic that the parties are bound by their pleadings. The court should submit to the jury all issues outlined by the pleadings and reasonably supported by the evidence. Id.

In a civil case, when a "verdict rests upon a factual finding contradictory to another finding of the same issue by the trier the judgment cannot stand." *Magnan* v. *Anaconda Industries, Inc.,* 193 Conn. 558, 577, 479 A.2d 781 (1984). The record indicates on its face that the jury was confused and may have been misled by the interrogatories. Particularly, the jury found that the plaintiff had failed to establish negligent misrepresentation by Marie Calabro, individually, and, yet, returned a verdict against her on all counts directed against her. The verdict forms, the interrogatories, the pleadings, and the jury's responses cannot be reconciled. " 'In a case such as the one before us, where the error is clear and is one which may well have been determinative, [the case] should be considered in the interest of "justice between the parties." ' " *Batick* v. *Seymour,* supra, quoting, *Capozzi* v. *Luciano,* 174

Conn. 170, 175, 384 A.2d 359 (1978) (*Speziale, J.,* dissenting). We conclude that the trial court should have set aside the verdict.

When a trial court has set aside a verdict, it may, thereafter, either order a new trial or direct entry of judgment as requested by the petitioning party. Practice Book § 321. The determination of the appropriate alternative is within the discretion of the trial court. *A-G Foods, Inc.* v. *Pepperidge Farm, Inc.,* 216 Conn. 200, 205 n.5, 579 A.2d 69 (1990). We have reviewed the record. Under all the circumstances of this case, we cannot say that, had the trial court set aside the verdict as it should have done, it would have been an abuse of discretion for it to have ordered a new trial rather than to have rendered judgment for the defendants. See *Fabrizio* v. *Youhas,* 148 Conn. 426, 429, 172 A.2d 69 (1961). It follows that this court cannot order that judgment be rendered for the defendants; *Gibson* v. *Fullin,* 172 Conn. 407, 413–14, 374 A.2d 1061 (1977); *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 420–21, 101 A.2d 491 (1953); but must order a new trial. In view of our conclusion that a new trial is required, it is unnecessary to discuss the other claims raised by the defendants.

The judgment is reversed and the case is remanded for a new trial.

In this opinion FREEDMAN, J., concurred.

LANDAU, J., concurring. I concur in the opinion to the extent that it orders a new trial. Because recovery is impossible against Maria Calabro individually under the allegations of the complaint, the trial court should be directed to render judgment for the defendant Maria Calabro, individually, notwithstanding the verdict. See *Fabrizio* v. *Youhas,* 148 Conn. 426, 430, 172 A.2d 69 (1961) (*Murphy, J.,* concurring).