EDWIN M. BRADLEY *vs.* VINCENT SOBOLEWSKY.

Third Judicial District, New Haven, January Term, 1917.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The plaintiff, an employee of a gas company, while entering the premises of the defendant, who was one of its customers, to inspect a gas-range which was supposed to be out of order, was attacked and bitten by the defendant's dog. *Held* that inasmuch as the defendant's application for gas contained his assent to the rules and regulations of the company providing for such entry and inspection, the plaintiff was not a trespasser, but was upon the defendant's premises by virtue of an express license, notwithstanding it appeared afterward that the company made a mistake in sending

Bradley *v.* Sobolewsky.

the plaintiff to the defendant's house, as the complaint about the range came from another customer.

The application for gas was signed by the defendant's daughter in his name more than a year before the plaintiff's injury. *Held* that in the absence of any finding to the contrary, it must be assumed that the defendant either authorized or ratified the daughter's act, without which he could not have obtained his gas supply.

The defendant contended in this court, that under a denial of the defense of trespass the plaintiff could not prove a license. *Held* that if the rule now invoked by the defendant (Practice Book, p. 250, § 160) applied to the case at all, it was one for his benefit, to protect him against possible surprise at the trial, and that by not then objecting to the proof of license and insisting upon the rule he had waived it.

Argued January 24th—decided February 21st, 1917.

ACTION to recover damages for a dog bite, brought to and tried by the City Court of New Haven, *Booth, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

The plaintiff, who was in the employ of the New Haven Gas Light Company, was instructed by it to call at the defendant's house to examine a gas-range, concerning which it was supposed that a complaint had been made. He opened the front gate and entered the premises, following a path which led to the rear door. While on the path he was attacked and bitten by the defendant's dog, without provocation on the plaintiff's part. It afterward appeared that the Gas Company had made a mistake in sending the plaintiff to the defendant's house, and that the complaint, in response to which he was sent there, came from another customer. Section 5 of Chapter 121 of the Public Acts of 1911 (p. 1379) provides, in substance, that the owner or keeper of a dog shall be liable for any injury done by it to person or property, except where the injured person is, at the time of the injury, committing a trespass or other tort; and the only

question on this appeal is whether the plaintiff was committing a trespass when he was bitten by the defendant's dog.

*Eliot Watrous*, for the appellant (plaintiff).

*George W. R. Hughes*, for the appellee (defendant).

BEACH, J. The regulations of the New Haven Gas Light Company required that the defendant, as a condition precedent to obtaining a supply of gas, should sign a written application containing an agreement to be bound by the rules and regulations of the company. The defendant's name was signed by his daughter to such an application and agreement more than a year before the injury complained of, and, in the absence of any finding to the contrary, it must be assumed that the defendant either authorized or ratified the daughter's act, without which he could not have obtained a supply of gas.

One of the Gas Company's rules provides that it shall, at all reasonable times, by its authorized agents, have the right of access into premises to which gas is supplied, for the purpose of examining its gas-piping and apparatus, etc. We think it is clear that the plaintiff was, at the time of the injury, acting as the agent of the Gas Company authorized to examine gas apparatus on the defendant's premises. It is true that the authority afterward appeared to have been given to him as the result of a mistake; but the mistake was made by the company in directing the plaintiff to the wrong place, and not by the plaintiff in going to a place to which he was not authorized to go. In going to the defendant's premises, he went precisely where the Gas Company told him to go, and for a purpose for which the defendant had agreed that the authorized agent of the company might come.

The defendant's application, under the rules of the Gas Company, gave the company's agents a right of access not merely to answer complaints by the defendant, but at all reasonable times. In this case the occasion for sending the plaintiff to the defendant's premises was a reasonable one, and so was the hour at which he was sent. It must be assumed that the Gas Company's instructions to the plaintiff were given in good faith, and that its agent who was charged with the business of acting on complaints of customers believed that the defendant's gas-range was out of order. Under these circumstances the Gas Company would have failed to perform its duty if it had not sent a man to the defendant's premises within a reasonable time. We conclude that the plaintiff was upon the defendant's premises by virtue of an express license.

The defendant claims that plaintiff's denial of its defense of trespass did not lay any foundation for proof of license. On the other hand, the record does not show that the defendant objected to the proof of license; and if § 160 of the rules under the Practice Act (Practice Book, 1908, p. 250) applies to this case, as to which we express no opinion, it is evidently a rule for the benefit of the party whose pleading is denied, for the purpose of protecting him against possible surprise at the trial. Whether actually surprised or not, he may insist on the rule at the trial or waive it, and in this case it was not insisted on so far as the record shows.

There is error and a new trial is ordered.

In this opinion on the other judges concurred.