GEORGE J. HENAULT *vs.* PETER K. PAPAS ET AL.

First Judicial District, Hartford, May Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Under a general denial of the allegations of a complaint charging fraudulent representations respecting the title to real estate owned by the defendants, they may prove any fact which tends either to sustain the truth of the statement made by them, or their honest belief in its truth; and therefore, without pleading the fact, they may show that a lease, apparently outstanding upon the land records and alleged by the plaintiff to constitute an incumbrance upon the property, has been orally ·surrendered by the tenant together with his possession, and that in reality there was nothing to prevent the defendants from tendering a deed of the premises, free of·all incumbrances, to the plaintiff, as they had done.

Had the action been one for breach of contract, or for its specific performance, instead of one for fraud and nothing else, the defendants would have been obliged to set up these facts in their answer, under

the rule (Practice Book, 1922, p. 290, § 200) that facts which are consistent with the allegations of the complaint, but show, notwithstanding, that the plaintiff has no cause of action, must be specially pleaded.

While a denial of allegations, if made without reasonable cause, subjects the denying party to the penalties prescribed by statute (§ 5638) and the rule of court (Practice Book, 1922, p. 290, § 199), it in nowise invalidates a judgment rendered upon the pleadings and in accordance with the facts found.

Submitted on briefs May 1st—decided June 1st, 1923.

ACTION to recover damages for the alleged fraud of the defendants, brought to and tried by the Superior Court in Hartford County, *Hinman, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

*Harry. E. Back,* for the appellant (plaintiff).

*Charles L. Torrey* and *Mahlon H. Geissler,* for the appellees (defendants).

KEELER, J. On February 19th, 1921, the plaintiff in this action bargained with the defendants to purchase certain real property in the town of Brooklyn, Connecticut, at a price of $6,000, and made a deposit of $50 as earnest money. To induce plaintiff to make such purchase, the defendants represented that the property was free from all incumbrances and that there was no lease thereon. The plaintiff, on the faith of the aforesaid statements, made the bargain and deposit above referred to. The premises, prior to the date of the bargain aforesaid, had been leased to one Harry Evergates, and the lease had been recorded in the Brooklyn land records; but afterward the latter had orally surrendered his lease, and about February 19th, 1921, the defendants entered upon the premises and thereafter occupied the same, and con-

tinued to do so up to May 31st, 1921. No written release or surrender had ever been recorded. The plaintiff inspected the premises on or about May 31st, 1921, and knew that the defendants were in possession. On June 1st, 1921, the parties met to consummate the agreement of sale, when the plaintiff learned that the lease still stood of record and unreleased. The defendants tendered a good and sufficient deed of the premises free from all incumbrances to plaintiff, who refused to accept the same and has ever since continued so to refuse, and demanded from defendants the return of the $50 paid by him as a deposit; this demand was refused by the defendants.

The court found that defendants made the statements as to the freedom from incumbrances of the tract bargained for, believing that they were true; and that they were in fact true, except that the terminated lease had not been discharged of record, and that there was no fraud on the part of the defendants.

The answer in the action denied all of the allegations of the complaint. Allegations numbered one, two, three, and six were in fact true and were not disputed on the hearing. Only paragraph four, alleging that defendants knew their statement as to the state of the title to the property to be false, and made it to defraud the plaintiff, and paragraph five, setting up the fact of the aforementioned lease and alleging that the defendants could not give a good title to the premises, were in dispute, and these paragraphs were by the trial court found untrue.

The plaintiff alleges error in that the court rendered judgment upon issues not raised by the pleadings, since the cancellation and termination of the lease had not been plead as matters of defense by the defendants.

The allegations of the paragraphs just referred to

were the vital ones upon the issue of fraud. Plaintiff questions the right to meet the denials by proof that there had been a lease and afterward a surrender of the same, and claims that the fact of the existence of the lease and its surrender should have been plead because they were facts consistent with allegations of the complaint, but tended to show, notwithstanding, that plaintiff had no cause of action, citing Practice Book, 1922, p. 290, § 200. Had the action been one to recover for breach of the contract, or to compel its specific performance, this claim would have been correct; but the complaint in the action is for fraud and nothing else. It was proper upon denial of the paragraphs alleging fraudulent misrepresentation of fact, to show that the facts alleged were untrue and that no fraud was committed, and that had plaintiff recorded the deed tendered and paid the agreed purchase-price, he would have received no injury.

Plaintiff claims that had defendants admitted the facts set up in paragraphs one, two and three, denied in the answer but admitted upon trial, as also that part of paragraph five setting up the existence of the lease, he would not have been misled as to the real issues involved, and might have succeeded in the trial of the case. These denials were improper as the facts appeared in the trial of the action, and subjected the defendants to the penalties provided by statute (§ 5638) and the rule of court (Practice Book 1922, § 199, p. 290), had the same been claimed by plaintiff; but that fact in no way invalidates the judgment rendered upon the pleadings in accordance with the facts found.

There is no error.

In this opinion the other judges concurred.