### Ephraim Sutton, Appellee, v. Margaret Penn, Appellant.

1. EXAMINATION OF WITNESSES—*leading question.* A question, "Did you know that as you went along the hallway," following testimony of witness that floor was wet with oil, was not leading.

2. EXAMINATION OF WITNESSES—*leading questions.* Question,

"Now there where you fell, did you see the condition of the floor before you fell," was not leading.

3. Examination of witnesses—*leading questions*. The mere fact that questions can be answered "Yes" or "No" does not make them leading.

4. Examination of witnesses—*unresponsive answers*. Portion of witness' answer stating that he was not able to see the condition of the floor, in answer to question, "Now there where you fell, did you see the condition of the floor before you fell," should have been stricken as not responsive.

5. Appeal and error—*harmless error*. Unresponsive answer of witness to question held not reversible error.

6. Evidence—*opinion of witness*. Court did not err in refusing to permit witness to answer question as to ability of another person coming toward her in a hallway to see oil on the floor as he came, question calling for opinion of witness.

7. Negligence—*mailman as invitee on premises*. A letter carrier going to second floor of building, rooms of which were leased as offices, held an invitee and not a mere licensee.

8. Negligence—*questions for jury*. In action by mailman against owner of building for injuries through fall on oily floor, negligence held question of fact for jury.

Appeal by defendant from the Circuit Court of St. Clair county; the Hon. George A. Crow, Judge, presiding. Heard in this court at the March term, 1925. Affirmed. Opinion filed August 5, 1925.

P. K. Johnson, for appellant.

Farmer & Klingel, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

This is an action brought by Ephraim Sutton, appellee, against Margaret Penn, appellant, to recover damages for personal injuries. It appears from the proof that on and prior to April 5, 1922, appellant was the owner of a three-story business building known as the Penn Building located at the northeast corner of the public square in Belleville. The first floor is used for store purposes; on the second floor are office rooms leased by appellant to various parties. The long way of this building extends north and south. On the second floor a hallway runs along the entire east side of

the building and the offices are to the west of the hallway. A stairway leading to the second floor is at the north end of the building.

Before 8 o'clock on the morning in question, appellee, who is a mail carrier, went to the second floor of the building to deliver the mail for appellant's tenants. The janitress had washed the floor and was at that time engaged in oiling it. Appellee slipped and fell, sustaining injuries. It is his contention that he slipped on the oil and that appellant, through her janitress, was guilty of negligence in applying this oil, which caused his injury. He secured a verdict and judgment for $1,250. It is first contended by appellant that the court erred in admitting improper evidence in behalf of appellee. The first evidence admitted for appellee complained of is that after he had testified the floor was wet with oil he was asked, "Did you know that as you went along the hallway," and over appellant's objection was allowed to answer, "I did not." He was also asked, "Now there where you fell, did you see the condition of the floor before you fell," and he replied, "No, I could not." It is urged that the questions objected to were leading. We do not think these questions subject to the criticism made of them. The mere fact that they could be answered "Yes" or "No" did not make them leading. *Schlesinger v. Rogers,* 80 Ill. App. 420. That portion of appellee's answer to the second question, which stated that he was not able to see the condition of the floor, should have been stricken because it was not a reply to the question asked, but we are of the opinion that the failure of the court to sustain appellant's motion to strike it did not in itself constitute reversible error.

It is also objected that the court erred in not permitting the janitress of appellant to answer a question as to the ability of a person coming toward her in the hallway to see the oil on the floor as he came. The objection to this question was properly sustained,

since it only called for her opinion as to what another person than herself might have been able to see.

It is further claimed that the court erred in not giving a peremptory instruction for appellant, for two reasons: (1) Appellant did not owe any duty to appellee save that owed to a licensee; and (2) that no negligence on the part of appellant was shown by the evidence.

To sustain her first position appellant cites those decisions of this State holding that a fireman or policeman who enters a building is only a licensee and not an invitee. It seems to us, however, that there is a distinction between a policeman or fireman and a mail carrier in this respect. Appellant was leasing the offices on the second floor and she must have known that her tenants would have their mail delivered and that such would be a daily occurrence. Therefore by leasing these rooms for office purposes as a matter of common knowledge she invited, in the sense that term is used in legal phraseology, appellee to come upon her premises in the discharge of his duties. If so he cannot then be treated as a mere licensee. This doctrine is recognized and laid down in 9 Ruling Case Law, p. 1256. The rule is there stated in the following language: "If the owner of a building lets different parts of it to tenants, but there is an open hallway in which is an elevator and also letter boxes for the accommodation of the tenants, and the hallway does not appear to have been leased but is always open, a letter carrier who enters the hallway to put a letter for one of the tenants in a letter box kept there for that purpose may be deemed to have entered the premises by the invitation or authority of the owner, and hence may recover of him if there injured through his negligence." The conditions stated in that rule are practically the same as in this case except that instead of there being an elevator in the hallway in question there was a stairway. Under that authority, which appears to us to be logical, appellant would be liable

to appellee, if his injuries resulted through her negligence.

The condition that no negligence was shown on the part of appellant was a question of fact to be determined by the jury and in our opinion there is sufficient evidence to sustain the jury's finding in that respect. There being no error in the record and as we cannot hold that the verdict and judgment are contrary to the evidence the judgment must be affirmed.

*Affirmed.*