HAROLD H. HAFFEY *v*. LAWRENCE LEMIEUX ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

186

Argued October 5—decided November 10, 1966

*Hans C. F. Wriedt,* with whom, on the brief, was *Elaine S. Amendola,* for the appellant (named defendant).

*Alexander W. Samor,* for the appellee (plaintiff).

KING, C. J.  The plaintiff was a letter carrier regularly employed by the United States post office department.  On April 18, 1963, he was engaged in

making a delivery of mail to a one-family house at 68 Pennsylvania Avenue, in Bridgeport, which was owned by the defendants, husband and wife, and occupied by them and their family. It appears to have been undisputed that the defendants maintained a mailbox at the front door, which opened onto the front porch of their home.

The plaintiff fell on that date while he was descending the steps of the front porch immediately after leaving a letter in the mailbox. The porch steps were made of concrete, and the bottom step, on its right side ascending, had visibly crumbled from deterioration, thereby causing the plaintiff to walk on the other, or left, side of the step, which the plaintiff testified appeared to him to be safe and showed no obvious signs of deterioration. This left side collapsed as the plaintiff descended, causing him to fall.

The court set aside the verdict against the defendant wife for failure of proof of her knowledge of the defective condition of the left side of the bottom step, and from judgment thereafter rendered in her favor the plaintiff took no appeal. Thus we are concerned solely with the liability of the defendant husband, who, alone, will hereinafter be referred to as the defendant and against whom the jury's verdict was allowed to stand.

The defendant claims that the verdict against him was without support in the evidence or the pleadings, and appeals from the court's refusal to set it aside and, also, to render judgment for him notwithstanding the verdict.

The plaintiff admittedly did not allege or prove that the defendant had actual knowledge of the presence of the plaintiff on the premises at the time of the injury, and the defendant claims that

this failure is fatal to the plaintiff's case. For the purposes of this appeal, we assume, without so deciding, that a letter carrier is not a business visitor but, like the fireman in *Roberts* v. *Rosenblatt,* 146 Conn. 110, 113, 148 A.2d 142, "entered upon the premises in the performance of a public duty under a permission created by law and that his status was akin to that of a licensee and that the defendants owed him no greater duty than that due a licensee." This was the theory on which the case was tried and the jury instructed in the charge, although we point out that a letter carrier has been generally considered to be a business visitor rather than a mere licensee. *Sutton* v. *Penn,* 238 Ill. App. 182, 185; *Gordon* v. *Cummings,* 152 Mass. 513, 514, 25 N.E. 978; *Paubel* v. *Hitz,* 339 Mo. 274, 277, 96 S.W.2d 369; 38 Am. Jur., Negligence, § 123; 65 C.J.S. (1966 Rev.), Negligence, § 63(109); Restatement (Second), 2 Torts § 345, comments a through e, and Appendix, pp. 241, 242; 2 Harper & James, Torts § 27.14, p. 1499.

Even if the measure of duty owed to this plaintiff was merely that applicable to a licensee, the question remains whether the defendant owed no duty to the plaintiff until his presence on the property actually became known to the defendant. The basic test of negligence is the reasonable foreseeability of harm of the general nature sustained. *Schiavone* v. *Falango,* 149 Conn. 293, 297, 179 A.2d 622, and cases cited. Here there is no question that the place of injury was within the area of the license. Where a licensee uses a license with reasonable regularity—in this case whenever there was mail to deliver—and at about the same time of day, his coming upon the premises and his user of them become reasonably predictable as would also

be so, for instance, in the case of a social guest invited to call at or about a stated time.[1]

While the opinion in *Lubenow* v. *Cook,* 137 Conn. 611, 614, 79 A.2d 826, contains language suggesting that the common-law duty to a licensee does not arise until the licensor has actual knowledge of the actual presence of the licensee on the licensor's premises, this is not invariably the case. *Hennessey* v. *Hennessey,* 145 Conn. 211, 213 n., 140 A.2d 473. Certainly that duty arises not later than the time when the licensee's presence is actually known to the licensor. *Ward* v. *Avery,* 113 Conn. 394, 397, 155 A. 502. The applicable fundamental principle is that "[o]rdinarily, an owner [or possessor] of land owes no duty to a licensee to keep his premises in a [reasonably] safe condition, because the licensee must take the premises as he finds them, including any danger arising out of their condition." *Schiavone* v. *Falango,* supra, 296.

But where, as here, the presence of the licensee at the approximate time and place of injury reasonably could, and should, be anticipated by the licensor, this should be regarded as the equivalent of actual knowledge of the licensee's presence at that time and place in the application of the rule as to the measure of duty owed to the licensee. *Olderman* v. *Bridgeport-City Trust Co.,* 125 Conn. 177, 182, 4 A.2d 646; Restatement (Second), 2 Torts § 345, comment d, p. 228. That is as far as it is necessary to go on the facts of this case.

The jury could find from the evidence that the defendant had resided in this home for at least six

---

[1] In 1963, the General Assembly, by what is now General Statutes § 52-557a, provided that "[t]he standard of care owed to a social invitee shall be the same as the standard of care owed to a business invitee."

months prior to the accident and had used the front steps. From these facts, the jury could reasonably infer that the defendant knew, or reasonably should have anticipated, that the mail was delivered to the mailbox on the front porch by a letter carrier and that he came daily, at least whenever there was mail to deliver, presumably at about the same time. Under the circumstances of the present case, the jury could reasonably conclude that this was the equivalent, in the application of the measure of duty, of actual knowledge of the plaintiff's presence on the portion of the premises embraced in the license at the time and place of injury. *Schiavone* v. *Falango,* supra; *Hennessey* v. *Hennessey,* supra; *Olderman* v. *Bridgeport-City Trust Co.,* supra; *Bradley* v. *Sobolewsky,* 91 Conn. 492, 494, 99 A. 1067; Restatement (Second), 2 Torts § 345, comment d.

Two further claims of the defendant are that there was no evidence that the condition of the bottom step was not obvious to the plaintiff and that consequently the jury could not conclude that the defendant had any reason to believe that there was any need of warning the plaintiff of that condition, or that the defendant was under any duty so to do. The testimony of the plaintiff was that the visible deterioration was on the right side of the bottom step and that he thought the left side was, and that it appeared to be, safe for use. The defendant testified that the step, to his knowledge, had visibly disintegrated on both sides, although more so on the right, and that this condition had existed for three or four weeks before the plaintiff's fall. Furthermore, the jury could have found that the defendant, although a fireman by occupation, had worked as a carpenter and as a mason, had had

experience with concrete steps, knew that the step in question was disintegrating and knew that frost was the probable cause of that disintegration. The jury could infer from the evidence that the defendant had actual knowledge that the step as a whole was defective—that is, not reasonably safe for use by the licensee in the exercise of the license—and that this condition was one which the defendant could not reasonably assume that the plaintiff knew of or by the reasonable use of his faculties would observe. On this state of the facts, the jury could find a duty, as long as the condition remained uncorrected, to warn the plaintiff, and, that the failure so to do was a proximate cause of the plaintiff's fall and resulting injuries. *Hennessey* v. *Hennessey,* 145 Conn. 211, 213, 140 A.2d 473; Restatement (Second), 2 Torts § 342, comment c.

The evidence was not inadequate to support the plaintiff's verdict.

The defendant also claims that as a matter of law the pleadings fail to support a cause of action as a licensee under the rule of cases such as *Fabrizio* v. *Youhas,* 148 Conn. 426, 428, 172 A.2d 69. The complaint is far from a model, perhaps in part because it seems to have been drawn under a rather justifiable uncertainty as to whether, under the law, the plaintiff's status as a letter carrier would be held to be that of a business visitor or that of a licensee. The complaint does allege, however, in effect, that the defendant knew, or should reasonably have anticipated, that the plaintiff would be likely to be on the front steps of the premises. This allegation made it clear to this defendant that if the plaintiff was not held to be a business visitor, he sought recovery as a licensee. For the reasons already stated, the failure of the complaint to allege

that the defendant had actual knowledge of the plaintiff's presence on the premises was not a fatal defect.

The second claimed defect in the complaint is the lack of an allegation that the defendant had reason to believe that the plaintiff would fail to appreciate the weakness of the step. The complaint alleged that the step was "deceptive". The court was not in error, under the circumstances, in refusing to hold the complaint fatally inadequate in the respect claimed. Our rules as to the sufficiency of the allegations of a complaint to support a judgment were recently summarized in *Buol Machine Co.* v. *Buckens,* 146 Conn. 639, 642, 153 A.2d 826. There is nothing to indicate that the defendant was misled by the shortcomings of the complaint or that he did not realize that if the plaintiff failed to achieve the status of a business visitor, he sought recovery as a licensee, that is, that the complaint purported to allege a cause of action as a business visitor and, in the alternative, as a licensee. See *Schaller* v. *Roadside Inn, Inc.,* 154 Conn. 61, 65, 221 A.2d 263.

The defendant also predicates error on the court's refusal to grant a mistrial because of a reference to subsequent repairs in a question asked by the plaintiff's counsel in the course of laying a foundation for the admission, as an exhibit, of a photograph of the bottom step taken before any subsequent repairs. The answer denied the allegation that the defendants were in control of the front steps of the one-family house in which they lived. No reason or justification for such a denial is apparent. Practice Book § 73. The pleading did, however, leave the burden of proving control on the plaintiff. *Henault* v. *Papas,* 99 Conn. 164, 167, 121 A. 273. Although the defendants orally admitted

control when the pleadings were read, in the pleadings as sent to the jury the vital fact of control stood as denied, even though the court charged the jury that control was in fact admitted. "Had the defendants conformed to the rules of pleading in preparing their answer . . . [by admitting control], no difficulty would have arisen." *Bonczkiewicz* v. *Merberg Wrecking Corporation,* 148 Conn. 573, 583, 172 A.2d 917.

Especially under these circumstances, we cannot find error in the court's refusal to declare a mistrial because of the reference to subsequent repairs in a question which, on objection, was excluded. It was for the court to determine whether, in the light of the oral admission of control and the written denial of it, the improper question was deliberate misconduct on the part of the plaintiff's counsel so that a mistrial should be granted as a punitive measure under the rule of cases such as *Bryar* v. *Wilson,* 152 Conn. 162, 165, 204 A.2d 831, and *Furber* v. *Trowbridge,* 117 Conn. 478, 481, 169 A. 43. The court apparently did not feel that it was, and this view was a permissible one. The verdict itself was in a small amount and gives no indication that the jury were improperly motivated. The fundamental difficulty seems to have come from the use of a judicial admission in substitution for a proper written pleading. See cases such as *Williams* v. *Milner Hotels Co.,* 130 Conn. 507, 510, 36 A.2d 20. Since control had been orally admitted in the judicial admission, no reference to subsequent repairs should have been made, and the court so ruled. *Carrington* v. *Bobb,* 121 Conn. 258, 262, 184 A. 591. But we cannot find an abuse of discretion in the court's failure to go further and grant a mistrial. *Wooster* v. *Wm. C. A. Fischer Plumbing & Heating*

*Co.,* 153 Conn. 700, 702, 220 A.2d 449. The instant case is an example of the difficulties, delay and expense flowing from pleadings which lack the clarity, precision and accuracy called for by our rules. Cf. cases such as *Lesser* v. *Altnacraig Convalescent Home, Inc.,* 144 Conn. 488, 491, 133 A.2d 908.

There is no error.

In this opinion the other judges concurred.