LORRAINE KOPJANSKI v. ANNA FESTA ET AL.

ALCORN, C. J., HOUSE, COTTER, THIM and RYAN, Js.

Argued October 9—decided November 23, 1970

*Kevin T. Gormley,* for the appellant (named defendant).

*Alexander Winnick,* for the appellee (plaintiff).

COTTER, J.  The plaintiff, a visitor at the defendants' home, sued to recover damages for personal injuries claimed to have been sustained because of a fall, due to a dangerous or defective condition, when she was leaving the defendants' premises by means of a doorway leading to an intermediate step, which led to the front walk.  The jury brought in a verdict for the plaintiff against the defendant Anna Festa which the court refused to set aside.  The jury found the issues in favor of the other owner-defendant, Lawrence Festa, husband of the defendant Anna Festa.  The defendant, Anna Festa, has appealed from the judgment and pursues, as the sole assignment of error, the claim that the court

erred in denying the defendants' motion to set the verdict aside because the verdict is not supported by the evidence.

In reviewing the action of the trial court in refusing to set aside the verdict, the evidence presented is considered in the light most favorable to the plaintiff. *Leary* v. *Johnson*, 159 Conn. 101, 102, 267 A.2d 658. Where a verdict is reached on conflicting evidence, the verdict should not be disturbed unless the jury could not reasonably have concluded as they did. *Hanauer* v. *Coscia*, 157 Conn. 49, 53, 244 A.2d 611.

Viewing the evidence presented in the light most favorable to the plaintiff the jury could have found the following: The plaintiff and her husband visited the defendants' home on December 21, 1963, to discuss a joint trip to Florida. Mr. and Mrs. Kopjanski left the Festa home at approximately 10 p.m., using a breezeway exit. Mrs. Kopjanski, the plaintiff, was the first to leave and the defendant Mrs. Festa was close behind her and the two gentlemen were inside the house talking. The plaintiff stepped on the first step and said good night when Mrs. Festa called to her and said: "Lorraine, I'll see you over the holidays," at which point the plaintiff turned her head while continuing to step down onto an intermediate step and she fell, sustaining injuries. The defendant Mrs. Festa knew the step was there and that the plaintiff was walking to the edge of the step. As Mrs. Festa called "Lorraine" to her, the plaintiff turned her head slightly and that was when she took the step thinking it was all on the same level because it looked that way. When her right foot came down it went down at the edge of what has been termed an intermediate step. When the storm door opened and swung out it arched to a

point where it became perpendicular to the house and at a point between the fully closed and fully opened position it protruded over the nosing of the first step, because the first step was seventeen inches wide and the door was thirty inches wide. With the storm door open the edge of the door, therefore, was beyond the edge of the step and in the semidarkness one might believe that there was no step there or if there was that the edge of the step was at a point where the edge of the storm door existed. When the storm door opened out it cast a shadow to some degree and the storm door opened up beyond the stone step. There was testimony by a civil engineer that in his opinion the step and the construction were not reasonably safe.

Pursuant to General Statutes § 52-557a, the standard of care owed to a social invitee is the same as the standard of care owed to a business invitee. See *Haffey* v. *Lemieux,* 154 Conn. 185, 189, 224 A.2d 551. Consequently, the owner of the property owed to the invitee the duty to exercise reasonable care to have and maintain the premises reasonably safe for the reasonably to be anticipated uses the invitee would make of them. *Ford* v. *Hotel & Restaurant Employees & Bartenders Union,* 155 Conn. 24, 33, 229 A.2d 346; 38 Am. Jur., Negligence, § 96. Predicated on all the evidence admitted in the course of the trial, the jury could reasonably have found the premises to have been unsafe and dangerous as alleged in the complaint. The named defendant, however, states the issue in this appeal to be that since the jury found against the defendant wife only, they thus found that the premises were in a reasonably safe condition and could, therefore, have held the defendant wife negligent only on the theory she distracted the plaintiff. She argues that this

is so because the action was brought against both husband and wife alleging that they were in control of the premises claimed to be defective and that the defendant wife was negligent in distracting the plaintiff while she was leaving the premises.

The plaintiff charged the defendant wife, as one of the allegations of negligence in the complaint, with a failure to warn her of the dangerous and defective condition of the entranceway. From the evidence introduced in the course of the trial the jury could have found that the defendant wife had actual notice of a dangerous condition on the premises. The duty which the defendant wife owed to Mrs. Kopjanski, as we have said, was to use reasonable care to see that the premises were constructed and maintained so as to be reasonably safe. As an adjunct to that duty to use reasonable care the defendant wife had the duty to warn the plaintiff of dangers which the invitee could not reasonably be expected to anticipate and this due care required the defendant wife to take reasonable precautions to prevent injury to the plaintiff invitee when the defendant wife knew or reasonably should have known of the dangers of the situation on the premises. *Romenici* v. *Trumbull Electric Mfg. Co.*, 145 Conn. 691, 693, 146 A.2d 416.

On the evidence, the jury could find that the defendant wife failed to exercise reasonable care in subjecting the plaintiff to the dangerous condition of the premises by calling to her as she was approaching the step, thereby distracting her attention, rather than warning her of the dangerous condition of the area. Cf. *Hennessey* v. *Hennessey,* 145 Conn. 211, 216, 140 A.2d 473. On this state of facts it was permissible for the jury to find that the step was defective and that the proximate cause of the plaintiff's fall and resulting injuries was not the

unsafe condition of the premises standing alone, but rather the unsafe condition of the premises combined with the negligence of the defendant wife, who specifically witnessed the plaintiff's departure, in failing to warn the plaintiff of a defect of which the plaintiff was unaware and which was known to the defendant wife. There was evidence sufficient to support the verdict, and the court was not in error in denying the motion to set it aside. *Bernard v. Ribner,* 151 Conn. 670, 672, 673, 201 A.2d 658.

There is no error.

In this opinion the other judges concurred.