[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In this case the plaintiff who was a waiter for the Whaler's was working in the skybox section during a Motley Crue concert. The defendant Woodward attended the concert as a guest of skybox 216. The defendant Kenneth Schwartz had a lease for skybox 225 and the plaintiff alleges the Schwartz Real Estate Company also leased the box. The plaintiff continually refers to mere allegations in the complaint to support his factual rendition. The plaintiff's deposition attached to his memorandum, giving it the broadest reading possible, seems to allege Woodward got beer from a refrigerator in skybox 225. The same deposition provides testimony from the plaintiff to the effect that there only would be beer in the refrigerator if the lessee requested it not be removed.
The plaintiff then refers to his revised complaint to support assertions that Woodward was intoxicated when he entered skybox 225, took beer from there and when the plaintiff called security Woodward punched the plaintiff causing him injury. On the basis of these facts the plaintiff has brought suit against Mr. Schwartz and the Schwartz company.
1.
As to the Schwartz Real Estate Company the defendant has presented an affidavit from Mr. Schwartz indicating that the company never was a party to the lease agreement for box 225 and neither leased nor occupied it. Schwartz claims he entered into the agreement as an individual and not on behalf of the corporation. A copy of the "suite use agreement" referred to in CT Page 10337 Mr. Schwartz's affidavit indicates he signed the lease as an individual. There is no reference to the corporation.
There is no basis for this complaint against the Schwartz Realty Company even assuming a viable theory of liability was asserted. The motion for summary judgment is granted as to the Schwartz Realty Company.
2.
As to the claim made against Mr. Schwartz it is based on a negligence theory.
Several things can be established by reference to the plaintiff's complaint. Skybox 216 was leased to the Ward Manufacturing Company and Yarde Metals Inc. In his affidavit which is not controverted by anything submitted by the plaintiff, Mr. Schwartz indicates he never leased skybox 216, had an interest in it or occupied it. Mr. Schwartz never attended the concert on the evening in question nor did anyone attend it at his request or invitation. In Exhibit C the defendant Schwartz presented copies of the tickets for the concert in question which appear to be unused. Mr. Schwartz denies knowing Woodward, never invited him into skybox 225 or granted him permission to enter it and doesn't recall ever having met the man. He denies providing alcohol to Woodward or continuing to make such beverages available to him. He was not present on the evening in question so he did not supervise Woodward, notify his parents of his condition, warn Woodward of the dangers of drink and did not ensure that the liquor cabinet and bar areas were properly secured, nor did he remove intoxicated patrons from the skybox.
In his deposition the plaintiff says the refrigerators themselves have no locking mechanism. But he goes on to say that management not tenants have a duty to secure the skyboxes for future evenings and says that the management collects the keys from the patrons before they leave the boxes. This would not be surprising since management probably cleans the skyboxes after each use. Suffice it to say no other information has been supplied to the court which would indicate whether Mr. Schwartz did lock the unit the last time he used it, could have done so, or whether even if he did management could have opened the skybox. Neither is it known what if anything Mr. Schwartz might have known or should have known about management's propensity or ability to open the skyboxes for whatever purpose. CT Page 10338
The brief submitted by the plaintiff to support its theory of liability provides a two-step analysis. First, the defendant knew or should have known there was alcohol in the skybox they rented, No. 225. Then the brief goes on to say Jacey "was on the premises at the express and implied invitation" of the defendant because the defendant would expect waiters to monitor activity in the skybox. Jacey was protecting the defendant's interest therefore in having Woodward removed from the skybox and vis-a-vis the defendant this made him an invitee to which the highest duty of care is owed, Kopjanski v. Festa. 160 Conn. 61,64 (1970). There is nothing in any affidavit submitted by the plaintiff or even in his complaint that indicates that in ejecting Mr. Woodward from skybox 225 he was acting in any way to protect the interest of Mr. Schwartz in the integrity of that unit. The plaintiff who was a waiter not a security officer complained about Woodward because he "rudely confronted" the plaintiff, that's what led to the confrontation and the attack, Revised Complaint par. 15, he "was causing trouble in the skybox area", plaintiff's brief, page 2.
There is nothing before the court to indicate the plaintiff received an invitation to be in box 225 or that Schwartz had some agreement in effect inviting or authorizing waiters, as distinguished from cleaning personnel or security people, into his rented box on this or any other occasion or for any particular purpose on a scheduled basis. An invitation is essential to make a person an invites, Corcoran v. Jacovino,161 Conn. 462, 465 (1971). Here we don't have any evidence Jacey was on the premises of skybox 225 for any reason having to do with advancing Schwartz's interest in the box.
At the most Jacey could be a licenses. But in order to have a duty to a licenses the person in Schwartz's position must have actual knowledge of the presence of Jacey in the box, or the presence of Jacey in the box "at the approximate time and place of injury reasonably could and should (have been) anticipated by the licensor" since this would be regarded as the equivalent of actual knowledge, Haffney v. Lemieux, 154 Conn. 185, 189 (1966). Without actual knowledge or its equivalent there is no common law duty to Jacey as a licensee. How could Schwartz have known or be expected to have known that the plaintiff would be in his skybox on this particular occasion for any ascertainable purposes?
Leaving aside all the common law definitions of status which CT Page 10339 give rise to the imposition of a duty as long as we are in the realm of negligence as opposed to strict liability what possible duty could be rationally crafted to make Mr. Schwartz responsible for the unfortunate injury inflicted by an unknown third party on the plaintiff.
Mr. Schwartz at the most left beer in his refrigerator in a skybox he rented. The refrigerator was unlocked but it is undisputed that Schwartz did not invite or permit Woodward to enter his skybox and remove his alcohol. The only evidence as to security arrangements was presented through the plaintiff and he at his deposition indicates that management had responsibility for security even to the extent of having control over keys to the skyboxes.
In Tetro v. Stratford, 189 Conn. 601, 605 (1983) the court said:
 "We have consistently adhered to the standard of 2 Restatement (Second) Torts § 442 B (1965) that a negligent defendant, whose conduct creates or increases the risk of a particular harm, is not relieved from liability by the intervention of another person, except where the harm is intentionally caused by the third persons and is not within the scope of the risk created by the defendant's conduct."
That statement was refined, however, in Doe v. Manheimer,212 Conn. 748, 761 (1989) and in the court's view the following language applies here:
 "First it is clear that § 442 B contemplates reasonably foreseeable intervening misconduct, rather' than all
conduct that actually proceeds from a situation created by the defendant."
The intentional stealing of the defendant's beer by the co-defendant followed by the intentional assault on the plaintiff could not have been reasonably foreseen by someone in the defendant Schwartz's position. Interestingly in Doe v. Manheimer, a verdict was rendered for the plaintiff by a jury and the Supreme Court upheld the trial judge's setting aside of the verdict which the trial treated as a question of law.
True, it is not the court's function to determine issues of fact on summary judgment motions but to see if there are any CT Page 10340McColl v. Pataky, 160 Conn. 457, 459 (1971). And it has been said that negligence cases are not suitable usually for summary judgment, Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194,198 (1972). But in this case there are really no disputes as to the underlying facts and this is more of a case where the plaintiff has failed to set forth any facts that could provide the basis to assert a theory of negligence liability.
The motion for summary judgment is granted.
Corradino, J.