[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE DEFENDANT CITY OF WATERBURY'S MOTIONS FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND FOR A DIRECTED VERDICT
The defendant, City of Waterbury, moves this court to set aside the verdict and judgment rendered thereon in favor of the plaintiff, and further moves this court to enter judgment in its favor on the sole count submitted to the jury.
Earlier, the court granted defendant's motion for a Directed Verdict, thereby removing the nuisance count of plaintiff's complaint from the jury's consideration. As a result, only the negligence count reached the jury.
Under the negligence count, the defendant city was sued in its capacity as owner of the East Mountain Reservoir property.
Under Connecticut law, a property owner's duty is based on the entry status of the particular person in question, i.e. the injured plaintiff or, as in this case, the plaintiff's decedent.Morin v. Bell Court Condominium Assn., Inc., 223 Conn. 232, 327. With regard to same, the court adopted the defendant's written request pertaining to trespassers and added a charge allowing the jury to conclude that the decedent could have been a CT Page 3688 licensee. Consequently, the jury was given the choice to determine whether plaintiff's decedent was a trespasser or a licensee and to then apply the court's instructions on the duty owed to each in determining liability.
The position of the defendant City is that regardless of what status the jury assigned to plaintiff's decedent, there was not sufficient evidence for the jury to conclude that the defendant City owed any duty to him, and after reexamination and review of the matter, the court must agree.
Inasmuch as the jury could have concluded that plaintiff's decedent was a trespasser, a review of the duty owed one of that status is in order.
The duty owed a trespasser is extremely limited. A landowner is under no duty to watch out for trespassers or to anticipate their presence. Goudreau v. Connecticut Company,84 Conn. 406; Whitney v. New York, N.H. H.R. Co., 87 Conn. 623;Salemme v. Mulloy, 99 Conn. 474.
A landowner is generally not liable to a trespasser upon his land for failure to use care to safeguard the trespasser from injury due to conditions upon the land. McPheters v.Loomis, 125 Conn. 526; Skladzien v. Sutherland Building Construction Co., 101 Conn. 340.
However, a landowner does owe a duty of care to avoid injuring a trespasser when his presence is known and he is in a position of peril. Kuharski v. Somers Motor Lines, 132 Conn. 269;Salemme v. Mulloy, 99 Conn. 474.
As indicated by the City, there was no evidence from which the jury could conclude that the defendant City or any of its employees knew of the presence of plaintiff's decedent at the reservoir on the date of his drowning, September 2, 1991. Furthermore there was no evidence that the defendant City was engaged in any operations or activities which caused the drowning. As such, if the jury concluded that plaintiff's decedent was a trespasser, then no duty was owed him and the defendant City would be entitled to judgment in its favor.
Further, even if the jury concluded that plaintiff's decedent was a licensee, there was not sufficient evidence for it to find established, liability on the defendant City's part CT Page 3689 for plaintiff's decedent drowning.
In order to find such liability, three essential elements must be present:
First, it must be shown that the defendant City had actual knowledge of the presence of plaintiff's decedent or had constructive knowledge which is the functional equivalent of such actual knowledge. Morin v. Bell Court Condominium Assn.,Inc., 223 Conn. 323, 329; Haffey v. Lemieux, 154 Conn. 185.
Thereafter, that the defendant City failed to exercise reasonable care:
i. To refrain from activity subjecting him to danger
 ii. To warn him of any dangerous condition which it knew of and which it could not reasonably assume that the licensee knew of or by reasonable use of his faculties would observe.
Finally, it must be shown that said failure by defendant City constituted a proximate cause of plaintiff's decedent's drowning. Hennessey v. Hennessey, 145 Conn. 211, 213.
The City, in its brief, correctly analyzed the controlling cases and material facts of the matter, as follows:
"The cases of Morin and Haffey supra discuss the factual circumstances necessary to find constructive knowledge of the Plaintiff's presence. In Haffey supra, the Court found that a private homeowner was liable to a mail carrier who was injured by a defective staircase while delivering mail. The Court determined that even though the Defendant property owner did not actually know the mailman was present at the time of injury there was constructive knowledge which was the functional equivalent of actual knowledge. The Court found such actual knowledge in the fact that the postman delivered mail everyday at approximately the same time into the Defendant's mailbox.Haffey v. Lemieux, supra at 190.
In the Morin case the Supreme Court concluded that as a matter of law the defendant condominium assn. did not have actual or constructive knowledge of the presence of a police officer who was injured by a defective staircase in the common CT Page 3690 area while responding to a fire alarm. The Court concluded that said police officer was a licensee but because there was no actual or constructive knowledge of his presence, the defendant had no liability, Morin v. Bell Court Condominium Assn., Inc.,223 Conn. 323, 331.
In the Morin case, the Plaintiff produced evidence that he or other police officers had been on the premises approximately twenty to thirty times prior to the accident but he could not cite specific dates, times or places of these visits to the condominium complex. Morin supra at 325-326. The Court concluded that the plaintiff had not proven a predictable pattern of prior usage by police officers in that there was no pattern of regularity with respect to specific dates, times and places of visits to the condominium complex. Morin supra at 331. The Court went on to hold that for liability to arise as to a licensee, the plaintiff must `still establish that the visits were reasonably regular and predictable such that they become the equivalent of actual knowledge'. Morin supra at 331." (Defendant City of Waterbury's Memorandum in Support of Motion, pages 5-6, Nov. 1994).
A comparison of these cases with the case at bar reveals that the defendant City owed no duty to plaintiff's decedent.
As the City indicates in its brief, there was no evidence from which the jury could have found that the defendant City or its employees had actual knowledge of the presence of plaintiff's decedent or the defendant, Now, Inc. group, of which he was a part. Nor was any evidence presented that plaintiff's decedent had been to the reservoir previously or had ever swam there.
Although the defendant, Michael Trotman, testified that he had been on the reservoir property a few times prior to the incident, he affirmed that he had never swam there. Further, his prior visits had been in the evening hours and the last time he was at the reservoir was approximately 18 months before the drowning.
As stated by the City, there was no evidence presented that defendant, Michael Trotman or any other employee of defendant, Now, Inc. had even taken any group to the East Mountain Reservoir prior to September 2, 1991. "His testimony regarding prior visits did not establish any pattern of 'regularity with CT Page 3691 respect to specific dates, times and plates' of visits to the reservoir. There was also no regular pattern concerning his actual use of the reservoir property as he had never swam there before. There was no evidence of a regular and a predictable pattern of usage by either the decedent or Michael Trotman upon which the jury could conclude that the defendant City had the functional equivalent of actual knowledge of the presence of plaintiff's decedent or of Michael Trotman.
The only relevant evidence on the issue of constructive knowledge is the use of the property by the particular person; in question, i.e. Plaintiff's decedent and Michael Trotman.Morin v. Bell Court Condominium Assn., Inc., 223 Conn. 323,330-331 (1991).
Therefore, the only appropriate evidence for the jury to consider on the issue of constructive knowledge is the prior use of the reservoir by plaintiff's decedent, Michael Trotman or some other NOW, Inc. employee fulfilling the same function as Mr. Trotman prior to September 2, 1991. The evidence concerning said prior use in this case is wholly inadequate to support a finding of constructive knowledge on the part of defendant City of the presence of Plaintiff's decedent or the NOW, Inc. group on September 2, 1991. Therefore on the issue of actual or constructive knowledge of Plaintiff decedent's presence, the verdict cannot stand and the Defendant City is entitled to judgment in its favor.
Concerning the second element of liability to a licensee, the evidence is also insufficient to sustain the verdict. There is no evidence that the Defendant City actively subjected Plaintiff's decedent to injury and that cannot be a basis of liability. Furthermore, there is no evidence that the East Mountain Reservoir constituted a dangerous condition nor is there any evidence that the Defendant City knew that it constituted a dangerous condition. There is no evidence that anyone previously drowned or was otherwise injured at the reservoir nor is there any evidence that the Defendant City knew of any such prior drowning or injuries. In fact any condition of the reservoir is obvious and is one that the Defendant City could reasonably assume that the licensee knew of or by the reasonable use of his faculties would observe.'
There was no evidence that there was any current or other similar factor which was a cause of the drowning. There was CT Page 3692 further no evidence that the reservoir bottom had a sudden drop off or other hidden danger that contributed in any way to the drowning. The evidence indicates that the actual cause of the drowning in this case is clearly unknown. The fact that the Defendant City owned the reservoir where the drowning occurred is not a sufficient evidentiary basis for imposing liability as to a `dangerous condition'." (Defendant City, Memorandum in Support pages 5-8, Nov. 1994).
Clearly, there is no evidence in this case that would properly allow the jury to assess liability against the defendant City by concluding that the East Mountain Reservoir constituted a dangerous condition, or that the defendant City knew it constituted a dangerous condition or that any alleged dangerous condition was other than one which the defendant City could assume the plaintiff's decedent knew about or would discover in the reasonable use of his faculties.
In any event, the actual allegations of negligence directed towards the defendant City in plaintiff's complaint are very limited. In substance, the plaintiff claims that "the defendant City of Waterbury was negligent and careless in failing to post any warnings or signs to the public instructing that use of said reservoir would be dangerous and was not allowable or safe," and that "As a result of the conduct of the defendant, as aforesaid, the plaintiff's decedent died of drowning, after much pain and suffering."
The defendant City correctly contends that indisputable evidence was presented to the jury that no trespassing signs were posted on the reservoir property and were extant on the day plaintiff's decedent died of drowning. Consequently, for the jury to conclude to the contrary is against the evidence. Further, any deficiency in signage could not, as a matter of law, constitute a cause in fact or a proximate cause of the drowning of plaintiff's decedent. A determination of whether alleged negligence is a legal cause of injury encompasses two components: (1) causation in fact and (2) cause in fact which is a substantial factor in the resulting harm. Doe v.Manheimer, 212 Conn. 748, 757, and the evidence in this case fails to establish either.
As a consequence of all of the foregoing, the court grants the defendant City's motions and sets aside the verdict and judgment rendered thereon in favor of the plaintiff and against CT Page 3693 the defendant City of Waterbury. Further, the court enters judgment in favor of the defendant City, all in accordance with its Motion for Directed Verdict.
WEST, J.