[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 106)
This is a slander of title action brought against an attorney who filed a lis pendens in a dissolution of marriage action. Because the plaintiff's case is riddled with fatal defects, summary judgment for the defendant must be granted.
This case arises in the context of a dissolution of marriage CT Page 15096 action, recently resolved, between Suzanne and David Pupora.Pupora v. Pupora, No. 401377 (N.H.J.D. December 1, 1998). (To avoid confusion, the Purporas will be referred to by their first names.) The dissolution action was commenced by service of process on May 30, 1997. Suzanne was represented by Attorney John J. Keefe, Jr. ("Keefe").
David owns 98% of the stock of the plaintiff in this action, Purpora Associates, L.L.C. ("Associates"). The remaining 2% of the stock of Associates is owned by another corporation, of which David is the sole stockholder. Associates owns a parcel of real property located in Ansonia.
On July 22, 1997, Keefe filed a document entitled "Notice of Lis Pendens" in the Ansonia land records. The document contains the heading of the dissolution action. Its text reads in full as follows:
 In accordance with the Connecticut General Statutes § 46-38(2) notice is hereby given of the pendency of a civil action between the above-named parties, which action was brought claiming a dissolution of marriage by writ dated May 30, 1997, and made returnable to the superior Court for the Judicial District of New Haven at New Haven on the 3rd Tuesday of June 1997. In said action, the above-named plaintiff claims an interest in real property in which the above named defendant may claim an interest, which real property is bounded and described as set forth in the attached Schedule A.
Schedule A, attached to the notice, describes the real property owned by Associates.
On September 2, 1997, David filed a motion in the dissolution case asking for removal of the notice of lis pendens. This motion was granted by the court (Stevens, J.) on September 22, 1997. The court explained that, "[T]he lis pendens is on property owned by a corporation not a party to this action. In the absence of exceptions not asserted here, the plaintiff may act against defendant's interest in the corporation, but not against the corporation's interest in its property." The plaintiff complied with the court's order.
On April 9, 1998, Associates commenced the action now before the court. Keefe is the sole defendant. Associates' complaint CT Page 15097 consists of a single count alleging that Keefe, by "maliciously" filing the notice of lis pendens, "slandered the title to the land within the meaning of C.G.S. § 47-33j."
Keefe filed his answer on May 28, 1998, asserting as a special defense that, "The actions of the defendant in representing his client in the underlying action are privileged and this privilege bars any claim asserted by the defendant." On August 21, 1998, Keefe filed the motion for summary judgment now before the court. The motion was heard on December 21, 1998.
Keefe's first argument is that, in light of the facts of the case, Associates' claim of a slander of title "within the meaning of C.G.S. § 47-33j" cannot be supported. This argument is correct. Conn. Gen. Stat. § 47-33j provides that, "No person may use the privilege of recording notices under sections 47-33f
and 47-33g for the purpose of slandering the title to land." The facts unequivocally establish that Keefe did not "use the privilege of recording notices under sections 47-33f and 47-33g" for any purpose. Instead, the notice of lis pendens in question here was filed under the asserted authority of Conn. Gen. Stat. § 46b-80(a)(2) (formerly Conn. Gen. Stat. § 46-38). Associates' complaint alleges only the limited statutory cause of action already described. Because that cause of action is not viable on the established facts of the case, Keefe's motion for summary judgment must be granted on this ground alone.
Although the somewhat technical analysis just made is sufficient to dispose of the motion, it should be noted that Associates' case would be fatally deficient on the merits even had it been pleaded as a common law slander of title action. "The definition of the word `slander' requires that there should be an `utterance of false charges or misrepresentations which defame and damage reputation.' Webster, Third New International Dictionary." Batistelli v. Corso, 30 Conn. Sup. 135, 143,304 A.2d 676 (1973). A careful analysis of the notice of lis pendens in question in light of the submitted facts establishes that none of the representations contained in that notice are false. The notice correctly states that: (1) a dissolution action between Suzanne and David was pending; (2) that Suzanne claimed an interest in the property in question; and (3) that David "may claim an interest" in the same property. Associates conceded at argument that each of these statements was true at the time in question. This concession is fatal to its cause. "The publisher of a statement injurious to another is not liable for injurious CT Page 15098 falsehood if the facts stated, or implied as justification for an opinion stated, are true." Restatement (Second) of Torts § 634 (1977). "There is no cause of action for slander of title where the statements complained of are true." 50 Am.Jur.2d Libeland Slander § 559 (1995). Under these circumstances, Associates would have no common law cause of action here even if such an action were to be pleaded.
This analysis is complicated by the fact that Keefe has not pleaded truth as a special defense. Is this a problem? There is some dated authority in Connecticut for the proposition that, in actions for fraud, truth must be pleaded as a special defense.Henault v. Papas, 99 Conn. 164, 167, 121 A. 273 (1923).See 1 Wesley W. Horton Kimberly A. Knox, ConnecticutPractice 390 (4th ed. 1998). Defamation law, however, stands on a different footing.
In the early common law, truth was not a defense to libel at all. It was not a defense to criminal libel because the victim of a true but defamatory publication might be provoked to commit a breach of peace. Garrison v. Louisiana, 379 U.S. 64, 68 (1964). In the ecclesiastical courts, "the canonists held that even a true accusation might be made out of malice." Select Cases onDefamation (R.H. Helmholz ed. 1985) in 101 Publications of the Selden Society xxx. This ancient state of the law has, however, long since been eclipsed. Truth is universally recognized as (at a minimum) a defense to a claim of defamation. "Where all the facts stated are completely true, no defense of privilege is necessary since the truth is always a defense to libel." Pulliamv. Bond, 406 S.W.2d 635, 642 (Mo. 1966). (Some true statements might, of course, still be actionable as invasions of privacy, but that is a different tort and one that could hardly be alleged here.)
More to the point, however, the unmistakable trend of modern law is to make affirmative proof of falsity part of a defamation plaintiff's case. This burden of proof is constitutionally required in cases brought by private-figure plaintiffs against media defendants. Philadelphia Newspapers, Inc. v. Hepps,475 U.S. 767, 777 (1986). The Second Restatement requires this burden in all actions for injurious falsehood. Restatement (Second) ofTorts, supra, § 651(1)(C). Given the fact that, as briefly discussed below, Keefe's action here was at least conditionally privileged, it is appropriate to impose this burden on Associates. The evidence plainly shows that Associates cannot CT Page 15099 meet this burden.
Under these circumstances, Keefe's final argument, that his filing of the lis pendens was privileged, need not be fully resolved. Keefe correctly points out that most courts that have considered the matter have concluded that the filing of a lis pendens is absolutely privileged. See, e.g. (to name only state courts of highest jurisdiction) Kelly v. Perry, 531 P.2d 139,141 (Ariz. 1975); Albertson v. Raboff, 295 P.2d 405, 408-09
(Cal. 1956); Houska v. Frederick, 447 S.W.2d 514, 519 (Mo. 1969); Superior Construction, Inc. v. Linnerooth, 712 P.2d 1378,1382 (N.M. 1986). Accord Restatement (Second) of Torts, supra, § 586. These holdings are grounded in "the long-established rule that publications made in the course of a judicial proceeding are absolutely privileged." Albertson v. Raboff, supra,295 P.2d at 408. A few courts, however, have concluded that this rationale is flawed because the filing of a lis pendens is not itself done in a judicial proceeding. See Westfield Development Co. v. RifleInvestment Associates, 786 P.2d 1112, 1117 (Colo. 1990);Gregory's Inc. v. Haan, 545 N.W.2d 488, 494 (S.D. 1996). These latter courts have made it clear, however, that — assuming that an absolute privilege does not exist — a conditional privilege nevertheless applies to the same act. Id. Our Appellate Court has hinted, albeit very faintly, that this latter view may prevail in Connecticut. Epstein v. Carrier, 12 Conn. App. 691, 698,533 A.2d 1221 (1987).
There is no need to resolve this dispute here. The evidence submitted to the court makes it quite clear that Associates cannot prevail on either view of privilege. As a technical matter, Associates' one-count complaint is plainly predicated on the wrong statute. On the merits, it is clear — in fact, it is conceded — that the allegedly slanderous words are true. Judgment must consequently enter for the defendant.
The motion for summary judgment is granted.
Jon C. Blue Judge of the Superior Court